S. K. Flanagan et al., Appellants, v. W. W. Wilson et al., Trustees, Appellees.

Opinion filed May 31, 1941.

Smith & Murray and William C. Stephens, both of Centralia, for appellants.

Curtis Williams and Alvin Lacy Williams, both of Mount Vernon, for appellees.

Mr. Presiding Justice Stone delivered the opinion of the court.

This is a suit in chancery filed by S. K. Flanagan, and the heirs of Anna Klampt Flanagan, deceased, who are the appellants in this court, against the Trustees of Schools of Township Two South, Range one, East of the Third P. M. Jefferson County, who are the appellees here, to cancel a deed made by Conrad Schul, special master in chancery, to the defendant trustees as a cloud on plaintiffs' title. Motion to dismiss the original complaint, on the grounds that it failed to allege that plaintiffs were prepared to do equity themselves was allowed, with leave to plaintiffs to amend.

An amended complaint subsequently filed alleges that S. K. Flanagan and Anna Klampt Flanagan, his wife, were the owners as cotenants of the property involved which was 80 acres of farm land; that the said Anna Klampt Flanagan died prior to the year 1920; and on April 23, 1920, the husband and all the heirs of the said Anna Klampt Flanagan executed a mortgage covering said premises to the said trustees. The amended complaint further alleges that on December 24, 1930, the said trustees filed their complaint to foreclose the mortgage, and on July 16, 1931,

a decree of foreclosure was entered whereby it was ordered that defendants pay the sum of $1,483.25 within 10 days from the date of the entry of the decree, and that in default of such payment, the mortgaged premises be sold at public sale by Conrad Schul, special master in chancery; that, pursuant to the decree the mortgaged premises were sold on August 24, 1931 to the said trustees for a sum sufficient to pay the amount due under the mortgage and costs of the foreclosure proceeding; that on November 26, 1932, the special master in chancery executed a master's deed of the mortgaged premises to the said trustees; that said sale and deed were void, of no effect and conveyed no title because the proceedings were not in conformity with the statute. The amended complaint further alleges a willingness to pay to the defendants such amounts as the court might determine to be due and owing under the terms of the mortgage and to do equity in whatever manner the court should order. The prayer of the said amended complaint was that the proceedings at the master's sale held August 24, 1931 be set aside in so far as they attempted to convey the legal or equitable title and that the master's deed be canceled as a cloud on plaintiffs' title.

At the trial, oral testimony was introduced by plaintiffs to establish their relationship to the original mortgagors and their ownership of the property. The facts concerning the execution and foreclosure of the mortgage together with the contents of the decree, were stipulated. No evidence was introduced by defendants except the stipulation.

The circuit court found that the plaintiffs were entitled to redeem the premises by paying the amount due under the terms of the mortgage, with interest thereon at five per cent from July 16, 1931, the date of the decree. The court further found that the foreclosure decree was void in so far as it purported to order a sale prior to 15 months from the date of the

decree; that the sale was void, and that the master's deed made pursuant to said sale was void in so far as said sale and deed attempted to bar the plaintiffs of their equity of redemption, but that unless plaintiffs should pay to defendants the redemption price (fixed at $1,368.25, with five per cent interest from July 16, 1931) within 90 days from the date of the entry of the decree all their right, title and interest in the premises should be forever barred.

The principal error relied upon for reversal by plaintiffs is that the lower court erred in finding that the plaintiffs must pay $1,368.25, as still due and owing under the terms of the mortgage to redeem the premises, for the reason that the question of redemption was not before the court, and said mortgage and mortgage lien were discharged by the sale for an amount sufficient to pay the mortgage with interest and the costs of foreclosure and sale.

There seems to be no dispute about the proposition that the sale and deed were void. The law relating to the foreclosure of mortgages at the time of the execution of the Flanagan mortgage had been enacted June 11, 1917 and provided an entirely different procedure from that prescribed by the law before 1917, or since 1921; in the foreclosure of any mortgage which was governed by the Act of 1917, the act provided for the delivery to the foreclosing creditor, after a decree of sale of a certificate to be issued by the party ordered to make the sale, and that no sale of the mortgaged premises should be made until 15 months after the date of the issuance of the certificate. When the Act of 1917 was repealed, a saving clause was inserted in the repealing act which provided that the Act of 1917 should apply to all mortgages executed between July 1, 1917 and July 1, 1921.

The theory upon which plaintiffs tried the case in the trial court is best exemplified by the allegation in their amended complaint, that "they are ready now

and at any time to pay to the defendants, Trustees of Schools, such amounts as this Court may find to be due and owing to said defendants under the terms of the mortgage and stand ready to do equity to the said defendants in whatever manner this Court shall order and decree.''

It is a well-settled rule of law that a person cannot try a case on one theory in the trial court and on another theory in a court of review. *Lewy v. Standard Plunger Elevator Co.*, 296 Ill. 295; *Butler v. Miller*, 208 Id. 231; *Davis v. Illinois Collieries Co.*, 232 Id. 284; *Winnard v. Clinton*, 233 Id. 320; *Chicago Title & Trust Co. v. DeLasaux*, 336 Id. 522. Plaintiffs cannot make such an offer and try the case upon the theory that they stand ready to pay such amounts as the court might find due, and then argue in this court that there is nothing due and owing under the terms of the mortgage and that the premises are entirely free from the lien of the mortgage.

We believe it would have been clearly inequitable for the trial court to have granted the relief sought, and permitted the heirs to retain the land in question, without payment of a just debt against it. The general rule applicable herein is most clearly stated in 19 Ruling Case Law, page 632, section 450, ''If a sale of the mortgaged premises under a power contained in a mortgage or deed of trust turns out to be defective, irregular, or invalid for any reason, and hence voidable at the election of the mortgagor, who has a right to redeem, a deed from the mortgagee or trustee to the purchaser clothes him merely with the mortgagee's lien on the land. He assumes the position of assignee of the mortgage. While a trustee under a deed of trust or mortgage containing a power of sale may divest himself of the legal title without compliance with the conditions of the trust, a sale and deed, except in strict compliance with the conditions, are of no effect whatever, so far as the trustor's equitable estate

is concerned, and if the trustee, in disobedience of the trust conditions, by deed transfers the legal title, his grantee takes only the trustee's interest. The irregular sale, though voidable, does not operate as a discharge of the debt and mortgage, but confers on the purchaser an equitable right to the security of the mortgage for the amount of the mortgage debt. . . ."

There is adequate authority in this State supporting the above stated rule of law. In *Bruschke v. Wright,* 166 Ill. 183, a master had made a sale of certain mortgaged property. The sale was illegal, as the land was sold for terms other than cash. The master had no right to make a sale except for cash. At the sale the property was purchased by one Gehr for Cameron. $4,918.43 was paid in cash. Cameron had agreed to pay $10,000 for the property. Gehr assigned the certificate of purchase to Wright who purchased it as an investment. The balance of the $10,000 was to be paid at the end of the redemption period in the event that the property was not redeemed. When the redemption period came to an end neither Gehr nor Cameron was able to pay the balance. It was held that there should be a resale of the property, but no provision was made whereby any part of the amount paid by Gehr or Wright could be realized. The court held that Wright should be paid upon the resale of the property the amount he had given for the certificate, plus interest. In their opinion the court at page 194 said, "The plaintiffs in error come into a court of equity and invoke the aid of that court to set aside a master's sale, which, as they claim, has realized to them less than they are entitled to receive; and, before they can secure such aid, they must offer to do what is equitable in the premises. To refuse to refund the amount paid at the sale, which was used for the purpose of discharging a mortgage upon their property and relieving it from the lien of such mortgage, or to make any provision in the decree of sale for the pay-

ment of the amount so advanced by the purchaser out of the proceeds of said sale, would be inequitable.''

Other questions are argued by counsel for plaintiffs but they are more or less the same phase of and collaterally related to the question of the error number two, as set forth in plaintiffs' brief. We find no reversible error. The judgment of the circuit court will be affirmed.

*Affirmed.*