Percy R. Taylor, Impleaded with Maybelle A. Taylor, Respondent-Appellee, v. Joseph Jerome Hughes, Impleaded with Velma Hughes, Co-Partners, d/b/a Joe's Deluxe Club, Petitioner-Appellant.

**Gen. No. 47,143.**

First District, Third Division.

April 9, 1958.

Released for publication May 9, 1958.

138

Robert E. Brody and George J. Gore, of Chicago (George J. Gore, and Charles D. Snewind, of counsel) for petitioner.

Samuel Nineberg, of Chicago, for respondent-appellee.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from an order of the trial court granting a new trial to the plaintiff after a verdict of not guilty for the defendant. It was first before us on a motion for leave to appeal, which was granted.

This is a cause of action arising under the Dramshop Act. The appeal of the defendant alleges (1) that there was not sufficient evidence on behalf of the plaintiff to sustain a verdict of guilty, and, if that had been the verdict of the jury, it could not have been allowed to stand, and (2) that the alleged impropriety of certain instructions relating to contributory negligence and proximate cause, were not, under the circumstances of the trial, sufficient to warrant the granting of the motion for a new trial.

It is proved beyond doubt that on June 27–28, 1952, the defendant Joseph Jerome Hughes was the operator of the tavern known as Joe's Deluxe Club at 6323 South Park Avenue, Chicago, Illinois. It is not disputed that on that night the plaintiff Percy R. Taylor had been in Joe's Deluxe Club. It is not disputed that one Paul Washington, the alleged assailant, came to Joe's Deluxe Club early in the evening of June 27, 1952 and remained in the club until sometime after 2:30 a. m., June 28, 1952, and that during that time he and his companions had been drinking whiskey from a bottle he had bought elsewhere and had watched a show in the "club" portion of the premises. It is not disputed that some time after 2:30 a. m. on June 28, 1952 an altercation of some sort took place between the plaintiff Percy R. Taylor and Paul Washington near the entrance of the Joe's Deluxe Club or on the street outside thereof, in which the plaintiff Percy R. Taylor was cut by a knife and in which Paul Washington was also cut.

There is conflicting evidence as to whether Paul Washington purchased any intoxicating liquors in Joe's Deluxe Club. There is conflicting testimony as to whether Paul Washington was intoxicated at the time of the assault. There is conflicting testimony as to whether Percy R. Taylor or Paul Washington was the aggressor in the assault and whether Percy R. Taylor afforded any provocation to Paul Washington.

There is no evidence in the record that the plaintiff Percy R. Taylor in any way procured the intoxication of Paul Washington, if he was intoxicated, by either giving or purchasing him drinks.

■■ In order for the plaintiff to recover under the Dramshop Act he must establish that the proximate cause of the injury to himself was the intoxication of the injuring party, caused in part by the sale or gift of intoxicating liquor to the injuring party by the defendant. The law is plainly stated and explained in Danhof v. Osborne, 11 Ill.2d 77. The court said (p. 81):

"In respect to the causation question, the plaintiff concedes that she is required to prove that Pelie's intoxication was the proximate cause of the injury (King v. Haley, 86 Ill. 106; Cope v. Gepford, 326 Ill. App. 171; Bejnarowicz v. Bakos, 332 Ill. App. 151) or put another way, the effective cause. Cook v. Kirgan, 332 Ill. App. 294."

The court goes on to distinguish the question of causation by pointing out that in that case the assault was caused, not by the drunkenness of the plaintiff's husband or by the drunkenness of the assailant, but rather by the marital infidelity of the plaintiff's husband and the assailant's wife, and said that the proximate cause was not within the scope of the Dramshop Act. It has also been held that the question of proximate cause is a question of fact to be determined by the jury from consideration of all the evidence. Casey

142

v. Burns, 7 Ill.App.2d 316, at p. 329; Lester v. Bugni, 316 Ill. App. 19; Martin v. Blackburn, 312 Ill. App. 549.

■ It is the well established law in this state that under the Dramshop Act a person who participates in procuring the intoxication of the person who commits the act about which complaint is made, cannot recover. In Hays v. Waite, 36 Ill. App. 397, at p. 399, the court said:

"Nor will such complaining party himself be allowed to furnish liquor which, in whole or in part, causes such intoxication of another. No person can profit by his own wrong-doing, nor will the law allow a recovery for an injury resulting from a force put in motion by the wrongful or illegal act of the person complaining."

It is equally well established that that doctrine is not a doctrine of contributory negligence. In Douglas v. Athens Market Corp., 320 Ill. App. 40, at p. 50, the court explained the distinction as follows:

"Contributory negligence implies that the action is predicated upon negligence. The action in the instant case is not predicated upon negligence, but upon violation of the Dram Shop Act. It is the law of this State that a plaintiff who participates in bringing about the intoxication of another, whose intoxication causes him to injure the plaintiff, may not recover." (citing cases.)

It is to be noted that both of the above cited cases involved an assault by an intoxicated person upon the plaintiff, and the defendant was the person who allegedly sold the assailant the liquor.

■ In addition to the provisions of the law that in order for the plaintiff to recover he must be free from procuring the intoxication of the injuring party, it has also been held, in direct action cases (assault

143

cases), that in order to recover under the Dramshop Act for personal injuries, the injuries must not be due to an act of provocation on the part of the plaintiff. Bowman v. O'Brien, 303 Ill. App. 630, 640; Martin v. Blackburn, 312 Ill. App. 549, 558. The question of plaintiff's freedom from being an active and willing agent in procuring the intoxication of the injuring party, and the absence of provocation, are both questions of fact for the jury. Douglas v. Athens Market Corp., 320 Ill. App. 40; Lester v. Bugni, 316 Ill. App. 19, 28; Martin v. Blackburn, 312 Ill. App. 549, 559.

██ As we have pointed out, there is no evidence whatsoever that the plaintiff in any way procured the intoxication of Paul Washington so that he could not recover. There is in the record some evidence that Paul Washington was drunk and some evidence that he had purchased liquor at the tavern operated by the defendant. There is some evidence that Paul Washington's intoxication, if any, was the proximate cause of the assault which resulted in the injury to the plaintiff, and there is some evidence that in the assault Paul Washington was the aggressor and that there was no provocation at the time of the assault by the plaintiff. We are therefore not prepared to say that the evidence could not possibly have supported a verdict of guilty if the jury had so determined.

██ There remains for consideration the question raised on appeal relating to the instructions. It is clearly the law under the Civil Practice Act that in order to preserve objections to instructions in a motion for a new trial, it is necessary to specify the particular instructions to which objections are taken. Pajak v. Mamsch, 338 Ill. App. 337, 343; Rudolph v. City of Chicago, 2 Ill.App.2d 370, 374. However, in discussing this problem in Chism v. Decatur Newspapers, Inc., 340 Ill. App. 42, at p. 47, it was indicated that if an amendment was made to the plaintiff's motion for a new trial, particularly specifying the ob-

144

jections, that that would be sufficient to preserve the alleged errors in the motion for a new trial. In the instant case, although the original motion for a new trial did not specify the particular instructions to which the plaintiff objected, it appears that upon the argument on the motion for a new trial the plaintiffs' attorney obtained leave of court to amend paragraph 16 of his motion by incorporating, by reference, instructions Nos. 1, 3 and 4 given at the trial as the specific instructions to which the plaintiff objected. Although that procedure lacked formality, it is our opinion that it was sufficient to preserve for this court, as a part of the motion for a new trial, plaintiff's specific objections to instructions Nos. 1, 3 and 4.

It is urged that the instructions to which objections are taken are in conformity with the pleadings in the case and with the theory upon which the case was tried, in that they relate to the negligence of Paul Washington and the exercise of due care by the plaintiff Percy Taylor, and the intoxication of the plaintiff as the cause contributing to his injury. It is to be noted that the complaint upon which the case was tried alleged the ownership of the Joe's Deluxe Club by the defendant, pleaded the section of the Dramshop Act which is applicable and the selling of intoxicating liquors to Paul Washington which caused him to be intoxicated, and then alleged that the plaintiff was in the exercise of due care and caution and that Paul Washington, while in an intoxicated condition and as a result of intoxication, assaulted and battered the plaintiff. It can be further noted that the answer admitted the ownership of the property, the existence of the statute, and denied the selling of intoxicating liquors to Paul Washington and Paul Washington's intoxication, and denied the assault upon the plaintiff. It further denied that the plaintiff was in the exercise of due care and caution. In an additional defense

defendants alleged that the plaintiff interceded in an altercation, participated in an assault upon Paul Washington or initiated or participated in an assault against him, and in defense of this assault Paul Washington was forced to use a weapon which resulted in the injury to the plaintiff. This last, of course, is in effect an allegation of provocation—an affirmative defense in dramshop cases.

It is also to be noted that both the complaint and the answer make allegations relating to contributory negligence, which, as we have pointed out, is not involved in dramshop cases because they are not based on negligence. It is of course the law that a person cannot try a case on one theory in the trial court and on another theory in a court of review. Flanagan v. Wilson, 310 Ill. App. 557, at p. 561. It is also the law that if pleadings contain elements not necessary to the cause of action, these can be treated as surplusage. O'Callaghan v. Dellwood Park Co., 149 Ill. App. 34, 41; Hight v. Naylor, 86 Ill. App. 508, 511. That part of the pleadings which allege and deny that the plaintiff was in the exercise of due care, could properly be treated as surplusage. The complaint alleged all the elements of a case under the Dramshop Act.

It is also to be noted that the defendant filed as an additional pleading an additional defense which clearly set forth that he was relying upon the doctrine of provocation, applied to the conduct of Paul Washington, as a defense in this matter, and he therefore was certainly not taken by surprise when the court granted a new trial upon the basis of errors in instructions which looked to contributory negligence and other matters not incident to a dramshop case.

The evidence that was introduced at the trial covered the elements of a case under the Dramshop Act and the defense of provocation. It was only when it came to instruction of the jury as to the law that

146

the difference in the applicable law came into the trial of the case, and it is there that the plaintiff claims error was committed which warranted the trial court in granting a new trial.

In the case of Douglas v. Athens Market Corp., 320 Ill. App. 40, which we have heretofore referred to, it was clear that the defendant argued the question of contributory negligence in a dramshop case, but that was not held to constitute a different theory of the case. Perhaps in the instant case the plaintiff and the defendant indicated a failure to understand the distinction in the doctrine that one cannot profit by his own wrong, as applied to contributory negligence in negligence cases, and as applied to the doctrine of guilt in procuring the intoxication, and the doctrine of provocation, in dramshop cases.

The plaintiff now objects to the instructions given to the jury which rely on contributory negligence, the doctrine of proximate cause, and the effect of the plaintiff's intoxication, if he was so intoxicated. We do not believe it can be said that the case was tried on one theory in the trial court and now, at the time of the motion for a new trial, it is being presented upon another theory. What difference there is, is in the application of the theory that one cannot profit from his own wrong.

It is obvious from a study of dramshop cases that they fall in two general categories. They have sometimes been referred to as causes of action arising directly out of the intoxication, and causes of action arising in consequence of the intoxication. Hill v. Alexander, 321 Ill. App. 406, 425. They might also be referred to as assault-type causes of action, where the injury is the result of a direct, though maybe drunken, purpose and action, and a second type of action where there is an absence of any such purpose on the part of the intoxicated person but the injury is produced by

147

the irresponsible conduct induced by the intoxication. In order to understand the doctrine that no person can be allowed to profit by his own wrongdoing, as applied to the Dramshop Act, the distinction between these two types of causation by an intoxicated person, resulting in injury to a plaintiff, must be kept in mind. In the case where there is a direct purpose on the part of the intoxicated person to injure, there must be no active and willing contribution to the procurement of the intoxication, so that the injured person cannot have made the man intoxicated and then claim benefit from a third party (the dramshop owner) because of his joining in the wrongful conduct of creating the intoxication; and, in such cases, in addition thereto, there must be no provocation on the part of the injured person which caused the injury of which complaint is made. In the other category, where there is no purpose to injure but the injury resulted because of the irresponsible conduct induced by the intoxication, there must be no procuring the intoxication of the injuring party, but provocation is in no way involved. It of course follows that the intoxication of the injured party is not directly involved in either of these applications of the doctrine that one cannot profit by his own wrong: that is, in the procuring of intoxication doctrine, or in the provocation doctrine. If the injured party had become intoxicated, without in any way contributing to the injuring party's intoxication, and, though intoxicated, was entirely peaceful and in no way provoked the injuring party, neither of these doctrines would apply. There is no doctrine that, in order to recover, the injured party must have been sober at the time he was injured.

▮▮ With these principles in mind, we review the instructions of which complaint is made. Defendant's instruction No. 1, which purports to set forth the elements of the case, sets forth under sub-numbers 4 and 5, as elements which the plaintiff must prove by

a preponderance of the evidence before he can recover, the following:

"4. That said Paul Washington was guilty of negligence which was the proximate cause of the plaintiff's injury.

"5. That the plaintiff was in the exercise of due care and caution for his own safety,"

The cause of action here does not rest on negligence or on the absence of due care, and the evidence in the case does not go to either proposition. Instruction No. 3 relates to proximate cause, and while the instruction might be criticized in regard to form, it certainly stated the proposition of law correctly that the plaintiff cannot recover from the defendant for the plaintiff's injury unless the intoxication of Paul Washington was the proximate cause of the injury, and is therefore not substantially objectionable. The fourth instruction relates to the alleged intoxication of the plaintiff and the proposition that "his intoxication caused or contributed to cause his own injuries." Standing alone this is clearly not in accordance with the law applicable to the case. If while the plaintiff was intoxicated he participated in procuring the intoxication of his assailant, or by his word or deed provoked the assailant, it would be the acts of procuring or provocation which would prevent the plaintiff from recovering, not his intoxication, and those acts would have the same result if he were stone sober. To introduce the plaintiff's intoxication as a matter of causation to the jury as a matter of law, would clearly be incorrect and prejudicial. We are of the opinion that the inclusion of instructions Nos. 1 and 4 in the instructions given to the jury were sufficient to warrant the trial court in granting the motion for a new trial.

The courts have held that even greater latitude is allowed the trial court in granting than in refusing

a new trial. Village of La Grange v. Clark, 278 Ill. App. 269. We are not prepared to say that the court erred in granting the plaintiff a new trial in this case. Its order is affirmed.

Order affirmed.

BURKE, P. J. and FRIEND, J., concur.