## Louis Balice, Plaintiff-Appellee, v. William J. Weiand and Daniel. D. McCarthy, Defendants-Appellants.

### Gen. No. 48,854.

First District, Second Division.
February 21, 1963.

Conrad W. Sanders, of Chicago, for appellants.

Markovsky, Comerford, Giliberto & Propp, by Eugene Propp, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Louis Balice filed a complaint under the provisions of the Dram Shop Act against William J. Weiand and Daniel D. McCarthy, for damages because of injuries suffered in a tavern at 1010 North Clark Street, Chicago. McCarthy owned the real estate and Weiand, the lessee, owned and operated the tavern. The defendants appeal from a judgment on a verdict for $15,000.

Plaintiff, who lived in the vicinity of the tavern, testified that he came into the tavern at about 1:15 a. m. on April 11, 1959. The building housing the tavern is on the west side of Clark Street. The bar runs east and west along the south wall of the build-

ing. There is a pool table north of the center of the bar. The plaintiff said that after finishing a second glass of beer a woman named Maryann, standing alone near the pool table, called to him "Want to play pool?" He said that he walked from where he was standing at the east end of the bar, toward the woman and answered in the affirmative; that upon seeing that she was drunk he refused to play pool with her, returned to the front of the bar and ordered another beer. He testified that later, on his way to the washroom he walked along the side of the bar toward the washroom located at the rear or westerly part of the tavern; that as he approached Maryann she was standing by the pool table facing him; that she was not playing pool; and that there was not another woman at the pool table. He testified that he didn't say anything to Maryann, that as he walked between the bar and the pool table Maryann struck him and called him "bad names." He says he saw the bartender serve her two glasses of whiskey. She struck him at about 2:00 a. m., at which time he had been in the tavern 45 minutes. He said that he was sober.

Winifred Jackson, called by the plaintiff, testified that she works in the tavern as a dice girl; that she knew plaintiff 10 years; that he entered the tavern about 1:00 a. m., sat at the bar near the front door, immediately opposite the dice table at which she was sitting. About 20 minutes after plaintiff entered the tavern the witness saw him leave the bar and walk toward the rear of the tavern. At this time Maryann was bent over the pool table taking a shot at a ball in a pool game with another woman. The witness stated that at this time Maryann was between the edge of the pool table and the bar stools along the bar, a space of about 3 feet; that as plaintiff walked within a hand's distance of Maryann, the witness heard plaintiff say something to Maryann. The witness could not hear what was said. Maryann, who

169

was angry, then whirled around from her bent over position at the pool table and struck plaintiff across the head with the pool cue. This witness testified that plaintiff was sober and that Maryann was intoxicated. She remembered what plaintiff and Maryann had to drink in the tavern. She did not assist plaintiff and said nothing to Maryann.

Plaintiff was taken to the Henrotin Hospital, only a block from the tavern and from there to the Illinois Eye and Ear Infirmary. Dr. Homer Goldstein, an ophthalmologist, testified that he examined plaintiff at 4:30 on the morning of the occurrence. He found that plaintiff had sustained a laceration of the left eyeball. He found plaintiff to be inebriated. He testified that plaintiff said that he sustained his injury at 3:00 a. m. Defendants called one witness, Charles D. Hansen, the bartender in the tavern at the time of the occurrence. He testified that he first learned of the injury when he saw plaintiff and another man standing near the front door. The other man asked for a towel, which Hansen handed to him; and that is the "last" he saw of plaintiff. Plaintiff said nothing within Hansen's hearing as to how he was injured. Hansen remembered that Maryann was in the tavern and that she was playing pool and drinking beer. There were 50 or 60 people in the tavern at the bar. He did not observe a disturbance in the tavern that evening. Defendants urge as their only point in this appeal that the court committed reversible error in declining to instruct the jury that if:

"You find from the evidence that the injury complained of by the Plaintiff was occasioned to him by some act of provocation on his part to the said Maryann, if any such act appears from the evidence, and that the injury of which the Plaintiff complains would not have been inflicted

but for the said act of provocation, if any there was, then you should find the defendants not guilty.

Defendants maintain that there is a basis in the evidence for the requested instruction and that the jury could find from the evidence and the reasonable inferences therefrom that plaintiff provoked the assault on him by Maryann. The record is barren of any action by word or deed by plaintiff that could be considered as provocation for the action of his assailant. The case of Ruble v. The People, 67 Ill App 438, strongly relied upon by the defendants does not support their position. The Ruble case was a criminal prosecution for assault with a deadly weapon. The court commented that mere words do not justify or excuse an assault or an assault and battery and points out that the defendant therein was charged with a statutory offense of which he could not be guilty unless he committed the assault without any considerable provocation. The evidence in that case disclosed that the prosecuting witness, while greatly intoxicated, sought the defendant for the purpose of forcing a personal encounter and in the presence of a number of persons applied to him profane and highly insulting epithets, made vicious threats, invited him to fight, assumed a hostile attitude and brought on the affray in which the shot was fired. Clearly the Ruble case does not have any application to the case at bar. A judicial opinion, like a judgment, must be read as applicable only to the facts involved and is authority only for what is actually decided. The language used in the opinion must be viewed in the light of the facts of the particular case. White v. Seitz, 342 Ill 266, 270, 174 NE 371; Fels v. Arends, 328 Ill 38, 45, 159 NE 244. We do not think that any of the other cases cited by the defendants are applicable to the factual situation presented to us.

The record is silent as to what remark was made by the plaintiff as he was walking near Maryann. As stated in the Ruble case words, if unaccompanied by any act of overt hostility would not justify the assault.

We are of the opinion that the trial judge was right in refusing to give this instruction. The judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and FRIEND, J., concur.