57 Ill. App.2d 469 (1965)
207 N.E.2d 109
Michael Tresch, Plaintiff-Appellant,
v.
Hans Nielsen, d/b/a Nielsen's Restaurant, Defendant-Appellee.
Gen. No. 49,588.
Illinois Appellate Court  First District, First Division.
April 7, 1965.
*470 Philip E. Howard and Jerome H. Torshen, of Chicago, for appellant.
Heineke, Conklin & Schrader, of Chicago (William H. Schrader and Edwin A. Strugala, of counsel), for appellee.
MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.
*471 This action was brought by Michael Tresch as plaintiff under Section 135 of Chapter 43 of Ill Rev Stats 1963, commonly known as the Dram Shop Act. The defendant was Hans Nielsen, doing business as Nielsen's Restaurant. It was alleged that one John Sobut had become intoxicated as a result of alcoholic liquors sold or given to him by the defendant and consumed at the latter's place of business. It was further alleged that as a result of such intoxication Sobut assaulted the plaintiff and caused injury to him.
The case was tried by the court with a jury, and the jury returned a verdict against the plaintiff and in favor of the defendant. Judgment was entered on the verdict and the trial court overruled the post-trial motion of the plaintiff, and this appeal followed.
The testimony is in sharp conflict, both as to the intoxication of Sobut and as to whether the defendant was in any way responsible for such intoxication, if Sobut was intoxicated. There is also sharp conflict in the evidence as to what occurred at the time of the alleged assault. The plaintiff in this court urges that he is entitled to a new trial because of errors in the trial court; to wit:
1) That the court erred in instructing the jury that if it found the plaintiff in any way provoked the assault he could not recover;
2) That the court erred in admitting evidence of a covenant not to sue given by plaintiff to John Sobut, who had been a party-defendant to the case but was dismissed prior to trial;
3) That the court erred in refusing to allow the plaintiff (who had called Sobut as a witness) to examine Sobut as the court's witness or to properly arouse his conscience or bring before the jury evidence of Sobut's altered testimony when it appeared that he had made a pre-trial *472 statement in the presence of his attorney which was transcribed and which differed materially from the statements made by him on the witness stand.
[1, 2] Count I of the complaint was, as we have pointed out, based upon the Dram Shop Act. The purpose of that Act is to place the burden of the evils of the liquor traffic on those who profit therefrom. Under the Illinois Statute, liability is imposed upon the defendant without the necessity of proving fault. All that is necessary is to show that the defendant dramshop keeper sold or gave alcoholic beverages which contributed to the intoxication, and that the injury was caused by such intoxication. William J. Voelker, Jr., Parties to Dram Shop actions, Ill L Forum Vol 1958, p 207; John A. Appleman, Civil Liability under the Illinois Dramshop Act, 34 Ill L Rev p 30.
[3] In the complaint the plaintiff improperly (since the action is not predicated on negligence) pleaded that the plaintiff at the time of the occurrence was exercising due care. That allegation should be treated as surplusage. Osinger v. Christian, 43 Ill. App.2d 480, 193 NE2d 872.
[4] It has also been held that in an action brought for a direct injury inflicted by an intoxicated person the doctrine of proximate cause has no application. Haw v. 1933 Grill, Inc., 297 Ill. App. 37, 17 NE2d 70; Martin v. Blackburn, 312 Ill. App. 549, 38 NE2d 939.
Hernandez v. Diaz, 31 Ill.2d 393, 202 NE2d 9, was an action brought under the Dram Shop Act. The court discussed the Liquor Control Act as amended in 1955, and said:
"... If an intoxicated person commits an act which has a direct causal relation to the injury of another, the injury is caused `by' the intoxicated person....

*473 "The statute was designed to give a substantial remedy and should be allowed to have effect according to its natural and plain meaning. Section 1 of article I of the Liquor Control Act states that the act shall be liberally construed to the end that the health, safety and welfare of the people of the State of Illinois shall be protected. Ill Rev Stats 1963, chap 43, par 94."
[5-7] In the instant case the trial court, over the objection of the plaintiff, gave the following instruction to the jury:
"The jury are instructed that if you find from the evidence that the plaintiff, MICHAEL TRESCH, in any way provoked the incidents which led to his injury, then the plaintiff can not recover."
The instruction was a peremptory instruction. Provocation in a dramshop case is an affirmative defense, and under Section 43(4) of the Civ Prac Act, must be pleaded. In Parker v. Dameika, 372 Ill. 235, 23 NE2d 52, the court lays down the rule that Section 43(4) of the Practice Act, with reference to affirmative defense, did not change the rule which had theretofore existed, and that the same consequences follow a violation of the rule. The general rules as to the requisites and sufficiency of pleadings are applicable in actions under the Dram Shop Act. 30 Am Jur Pleading, § 555, p 840.
In Darby v. Donahue, 3 Ill. App.2d 112, 120 NE2d 381, plaintiff sued the defendant under the Dram Shop Act for injuries inflicted on her in an assault committed by one Loomis who was alleged to have been intoxicated at the time because of intoxicating liquors sold her by the defendant. The court gave an instruction that the plaintiff could not recover unless it was proved, among other things, that immediately prior *474 to and at the time of the occurrence, Loomis assaulted the plaintiff and that the plaintiff did not provoke Loomis to such assault. The instruction further provided that the burden of proving that proposition was upon the plaintiff. The court held that there was no burden upon the plaintiff to so prove.
[8] Without an issue having been formed by the pleadings, the court had no right to give the instruction in question. In any case, the instruction was peremptory and in bad form inasmuch as it stated that the plaintiff could not recover if he "in any way provoked the incidents which led to his injury."
The defendant argues that the plaintiff had failed to disclose the nature and wording of the papers signed by plaintiff in releasing Sobut from the lawsuit. Written interrogatories were served on plaintiff. In the interrogatories defendant asked for the exact wording of the paper given to Sobut, when Sobut was dismissed from the suit. The plaintiff answered that the paper was in the possession of Attorney James Reidy, of 135 South LaSalle Street, the attorney for Sobut. The same interrogatory was again propounded and the same answer was given by the plaintiff, with the additional statement that he did not have in his possession a copy of the paper. Nothing further was done by the defendant to obtain a copy of the paper. Sobut was dismissed from the suit by an order of the court entered June 27, 1958, based on a written stipulation between the attorney for the plaintiff and the attorney for Sobut, which stated that "all matters in controversy having been compromised and settled as regards this defendant."
During the trial of the case counsel for the defendant asked the plaintiff on cross-examination if it was not true that he had received $400 from Sobut because of the accident. The court held a conference with counsel in chambers which does not appear in the record. *475 Afterwards, before the jury, counsel for defendant again over the objection of the plaintiff, asked the plaintiff if he had received $400 from Sobut because of the accident and because of Tresch's injury, and Tresch stated, over objection, that at the present time he had no claim against Sobut and that Sobut had been dismissed from the case. The acquittance paper with reference to Sobut appears no place in the record.
[10, 11] In Manthei v. Heimerdinger, 332 Ill. App. 335, 75 NE2d 132, a complaint was filed under the provisions of the Dram Shop Act, seeking recovery for injuries which the plaintiff alleged he had sustained when the automobile in which he was riding was struck by a car driven by one Jan Kerch. It was further alleged that the defendant, Heimerdinger, had furnished Kerch with intoxicating liquors causing her to become intoxicated. The defendant set up an affirmative defense that the plaintiff had, in consideration of $3,000, executed a release to Kerch. A stipulation was entered into between the attorneys that such release had been given. The court, on motion, entered judgment on the pleadings in favor of the defendant. The Appellate Court sustained the judgment of the trial court and, in its opinion, pointed out that under the law in Illinois there is a substantial distinction between a release and an instrument designated a covenant not to sue, and that where a release is given by the injured party to one of several joint wrongdoers, the courts have uniformly held this to release all. This was a dramshop case. The court held that in such a case, where there is a sale of liquor by the defendant to a third person, resulting in the latter's intoxication and injury to the plaintiff, while the seller of the liquor and the third person were not joint tort-feasors, the injury which the plaintiff received as a result of the tortious act of the third *476 person could not be separated from the act of the defendant in selling liquor, and that under such circumstances, the "ancient rule" that the release of one operates to release all applies here both to joint and independent concurring tort-feasors. The court discussed the entire question fully. Also see De Lude v. Rimek, 351 Ill. App. 466, 115 NE2d 561; McClure v. Lence, 349 Ill. App. 341, 110 NE2d 695.
In case a covenant not to sue is given and certain money as consideration therefor is paid to the plaintiff, the matter is not a question for the consideration of the jury, nor should the question be raised before the jury. In De Lude v. Rimek, supra, the court said with reference to permitting the plaintiff to be asked as to whether or not certain money received by him from one of the defendants was full compensation for the injuries:
"The potential prejudice to plaintiffs from such conduct is obvious. To permit the introduction of the covenant and its attendant facts in every case would seriously jeopardize a plaintiff's opportunity for a fair trial. Further, it would tend to discourage settlement of this type of litigation when two or more defendants are involved.
"[8] While the amount paid under a covenant not to sue should be deducted from the total damages sustained, we hold it is the function of the jury to find the plaintiff's total damages, and the function of the judge, upon application of the defendant after verdict, to find the amount by which such verdict should be reduced by virtue of any covenant made by the plaintiff with another concerned in the commission of the tort."
*477 On the record in the instant case, the court should not have permitted the plaintiff to be questioned as to the amount he allegedly received from Sobut.
The judgment for the defendant entered in the Circuit Court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
ENGLISH and DRUCKER, JJ., concur.