(No. 40277.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
HAROLD D. SMITH, Appellant.

*Opinion filed May 29, 1968.*

FRED L. WHAM, of Rockford, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (DANIEL D. DOYLE, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Petitioner, Harold D. Smith, appeals from the order of the circuit court of Winnebago County dismissing, on the State's motion, his *pro se* petition filed under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.*) He charges that the trial court erred in not appointing counsel to represent him in the post-conviction proceedings and in dismissing his petition.

Petitioner was convicted of robbery in a jury trial November 22, 1963, and was sentenced to the penitentiary for a term of 5 to 15 years. He then appealed directly to this court, and we transferred the case to the Appellate Court, Second District, because his appeal failed to raise a substantial constitutional question. The appellate court affirmed the conviction (63 Ill. App. 2d 369) and petitioner's subsequent petition for writ of *certiorari* to the United States Supreme Court was denied. (383 U.S. 953, 16 L. Ed. 2d 215, 186 S. Ct. 1218.) On September 12, 1966, Smith filed his petition under the Post-Conviction Hearing Act alleging, *inter alia,* that the State used perjured testimony to convict him. At the subsequent hearing, the trial court sustained the assistant State's Attorney's motion to dismiss on the grounds that the petition failed to "allege facts constituting a violation of defendant's constitutional rights."

Evidently, petitioner was not present at the hearing and the court did not appoint counsel to represent him.

We need not go beyond petitioner's contention that the trial court erred in failing to appoint counsel to represent him to determine that the judgment herein must be reversed and the cause remanded to the circuit court. Section 122—4 of the Post-Conviction Hearing Act provides that the court will appoint counsel upon request in post-conviction proceedings where there is a showing of indigency. Smith's petition recites, in pertinent part: "Comes now the affiant herein named and prays that this court shall grant him the imminity [sic] of payment of the cost of filing this Petition in manner made and provided by law for thoes [sic] deemed indigent. He further states under oath that he is unable to maintain the cost of prosecuting this Petition to a conclusion."

While the above language does not constitute an explicit request for counsel, it certainly manifests petitioner's desire to avail himself of the benefits which the Act affords indigents. The evident purpose of section 122—4 is to provide indigent individuals lacking in legal skills with assistance of counsel in drafting a legally sufficient petition. (*People* v. *Polansky*, 39 Ill.2d 84, 87.) To demand that petitioners under the Act make a formal request for appointed counsel is to frustrate this purpose. We hold that the instant petition sufficiently apprised the trial court of petitioner's need of, and desire for, legal representation.

Accordingly, the judgment of the circuit court of Winnebago County is reversed and the cause remanded with directions to appoint counsel to represent petitioner at a new hearing on his petition and at such further proceedings as are necessary before that court. See *People* v. *Hill*, 39 Ill.2d 61, 65.

*Reversed and remanded, with directions.*