(No. 41169.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GEORGE F. CAPRON, Appellant.

*Opinion filed November 22, 1968.*

LLOYD MIDDLETON, of Pickneyville, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT N. GANDY, State's Attorney, of Pickneyville, (FRED G. LEACH, Assistant·Attorney General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, George F. Capron, appeals from an order of the circuit court of Perry County which denied his post-conviction petition without a hearing.

On February 19, 1965, the defendant pleaded guilty to an information which charged him with the offense of attempted burglary. His plea was accepted and he was

sentenced to imprisonment for a term of not less than 7 nor more than 12 years. His *pro se* post-conviction petition, filed on May 22, 1967, charged that his constitutional rights were violated because he was not advised of his right to counsel or of his right to be indicted, and alleged that he had not waived those rights. His petition also alleged that he was a pauper and requested that counsel be appointed to represent him.

The record contains no responsive pleading whatsoever addressed to the post-conviction petition. Nevertheless, on July 27, 1967, the court entered an order which denied the defendant's request for the appointment of counsel and denied his post-conviction petition, which was referred to in the order as a petition "to reopen his case and set aside his conviction."

The Post-Conviction Hearing Act has consistently provided: "If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." Ill. Rev. Stat., 1965, chap. 38, par. 122—4.

It was error to deny the defendant's request for appointed counsel (*People* v. *Hayes,* 38 Ill.2d 329, 330; *People* v. *Hill,* 39 Ill.2d 61, 65; *People* v. *Polansky,* 39 Ill.2d 84, 87; *People* v. *Hunt,* 39 Ill.2d 107; *People* v. *Smith,* 39 Ill.2d 581, 583), and the judgment which denied his post-conviction petition is therefore reversed, and the cause is remanded for further proceedings in accordance with the statute.

*Reversed and remanded.*