Daniel Williams *et al.*, Plaintiffs-Appellants, *v.* Clyde Franks, d/b/a Franks Lounge *et al.*, Defendants-Appellees.

(No. 57354; )

First District (1st Division)—May 29, 1973.

GOLDBERG, J., took no part.

Sheldon D. Engle, of Chicago, for appellants.

Herbert Baker, of Chicago, (Robert Agin, of counsel), for appellee Franks Lounge.

John Mlade, of Chicago, for appellee Charles Petrik.

PER CURIAM:

An action was filed by plaintiffs pursuant to the provisions of Section 135 of the Liquor Control Act to recover for injuries received by them

in an altercation with unknown persons who allegedly had been served alcoholic beverages in a cocktail lounge owned by defendant Franks and located in a building allegedly owned by defendants Petriks. (Ill. Rev. Stat. 1971, ch. 43, sec. 14.) The jury returned a verdict for the defendants.

■■ A threshold question is occasioned by the failure of the appellees to file a brief on this appeal. Although we would be justified in summarily reversing the judgment in this case, we adhere to the general rule that the trial court's judgment should not be reversed except after consideration of the merits of the appeal. *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264, 254 N.E.2d 814.

The plaintiffs, who are brothers, testified at trial that they entered the Franks Lounge in Cicero about 11:00 P.M. on September 7, 1969, with a friend named Shield. They sat at the bar, Daniel Williams in the center, his brother to his left and Shield to his right, and were served drinks by defendant Franks. Thomas Williams stated that a man approached him and requested that Williams buy him a drink, which Williams refused to do. Sometimes thereafter, a group of about six men entered the lounge, one of whom was described as very large and another of whom was described by the plaintiffs as light-haired, boisterous and loud.

The plaintiffs testified that the light-haired man positioned himself next to Thomas Williams, and the entire group of men, which had then entered, was served alcoholic beverages by Franks. The light-haired man elbowed Thomas Williams in the side several times. Thomas Williams and Daniel Williams changed seats, and the light-haired man elbowed Daniel in the side twice. After the Williams and Shield finished their drinks, they were about to leave when the light-haired man summoned one of the other members of his group, who shoved Daniel Williams back. The light-haired man struck Daniel in the face with his fist. A fight then broke out involving the two Williams and Shield on the one hand, and numerous patrons of the lounge on the other, resulting in substantial injuries to the plaintiffs. The police were summoned, and the plaintiffs were taken to separate hospitals They testified that the persons who started the fight were intoxicated, they were served several alcoholic drinks by Franks and that Franks aided in the assault.

Defendant Franks testified that when the two Williams and Shield entered the lounge, the light-haired man was already there; Daniel Williams was loud and boisterous; none of the three was intoxicated; while the witness was speaking to his off-duty employee, he observed Daniel Williams strike the light-haired man in the face; a fight broke

out and he was prevented from telephoning the police due to the rush of customers; his wife summoned the police. The witness further testified that the plaintiffs fought their way out of the lounge, but that Daniel Williams returned with an automobile jack and demolished the cigarette machine and threatened to kill everyone in the lounge. The police arrived and the plaintiffs were arrested.

The court sustained an objection to a question later asked of the witness, whether he filed a complaint against the plaintiffs. The plaintiffs were further not permitted to introduce evidence in an effort to rebut the matters brought out concerning plaintiffs' arrest and related matters. The court also refused plaintiffs' tendered instruction number nine and gave to the jury, over objection, defendants' tendered instruction number one, both of which related to the burden of proving provocation.

Plaintiffs first contend that the court erroneously instructed the jury relative to the burden of proving provocation.

Plaintiffs' tendered instruction number nine, which was refused, would have instructed the jury that "[i]n this case defendant [sic] has asserted the affirmative defense that Daniel Williams provoked the fight which lead [sic] to the injuries. The defendant [sic] has the burden of proving this defense." The court, however, instructed the jury that "[i]n order for the Plaintiff [sic] to recover under the Dram Shop Act for personal injuries, the injuries must not be due to an act of provocation on the part of the Plaintiff [sic]."

■■ Although the instruction tendered by the plaintiffs is not entirely accurate, since the defense of provocation was not pleaded in the defendants' answers but rather was broached in the complaint, the evidence adduced at trial clearly shows that the case was tried as if such defense had been raised. Furthermore, because plaintiffs raised the matter of non-provocation in their complaint does not necessarily mean that they were required to prove such non-provocation. It has long been established that a party is not required to prove a negative averment, the burden of proof being on the party who asserts the affirmative. See *In Re Estate of Sandusky,* 321 Ill.App. 1, 52 N.E.2d 285; *Levine v. Pascal,* 94 Ill.App.2d 43, 236 N.E.2d 425.

■■ In the case of *Tresch v. Nielsen,* 57 Ill.App.2d 469, 207 N.E.2d 109, the court was concerned with an instruction couched in much the same language as the instruction given to the jury in this case. The court there noted that the instruction was peremptory in nature and that provocation in a dramshop case is an affirmative defense. The defendants in the instant case had the burden of proving the matter of provocation and the court therefore was in error in refusing to give

plaintiffs' instruction number nine and in giving defendants' instruction number one. It cannot be determined what effect that instruction had on the jury's verdict and the judgment must therefore be reversed.

It is unnecessary to decide the remaining issues raised in plaintiffs' brief inasmuch as this matter is to be remanded, and it is unlikely that the matters giving rise to those issues will occur again in the event of a re-trial of this case.

For these reasons the judgment is reversed and the cause is remanded for proceedings not inconsistent with the views expressed.

Judgment reversed and cause remanded.

Mr. Justice Goldberg took no part in the consideration or decision of this case.