KENNETH M. GALYEAN *et al.*, Plaintiffs-Appellees, *v.* WALLY DUNCAN, d/b/a Hollywood Tavern, Defendant-Appellant (Martin Berra, Defendant).

Fifth District No. 5—83—0852

Opinion filed May 22, 1984.

Jerome E. McDonald, of Campbell, Furnall, Moore & Jacobsen, P.C., of Mt. Vernon, for appellant.

Bernard A. Paul, of Marion, for appellees.

JUSTICE JONES delivered the opinion of the court:

The plaintiffs filed a complaint pursuant to section 14 of article VI of the Dramshop Act (Act) (Ill. Rev. Stat. 1979, ch. 43, par. 135). Count I alleged, in part, that due to his injuries, Kenneth Galyean sustained severe and permanent injuries and "has lost and will lose large sums of money which he would have earned in his occupation except for his injuries." Count II alleged, in part, that plaintiff's wife and children had "been injured in means of support." Judgments on the jury's verdict were entered for plaintiff for $8,000 and for his family for $2,900. The only issues on appeal are whether the court properly refused defendant's proposed instructions which stated that provocation is a defense to a Dramshop action, and whether plaintiffs received a double recovery on the "loss of earnings" element of damages.

The facts can be briefly stated. Kenneth Galyean and Martin Berra, who had been drinking intoxicants in the Hollywood Tavern, became involved in an argument over a pool game at the tavern. A fight ensued, and Galyean suffered a broken ankle.

Defendant cites *Taylor v. Hughes* (1958), 17 Ill. App. 2d 138, 149 N.E.2d 393, *Balice v. Weiand* (1963), 40 Ill. App. 2d 168, 189

N.E.2d 391, and *Williams v. Franks* (1973), 11 Ill. App. 3d 937, 298 N.E.2d 401, in support of its proposition that provocation is a defense to a Dramshop action. *Tresch v. Nielsen* (1965), 57 Ill. App. 2d 469, 207 N.E.2d 109, and *Martin v. Blackburn* (1942), 312 Ill. App. 549, 38 N.E.2d 939, appear to stand for the same proposition. The basis for the application of provocation as a defense in the foregoing cases was the doctrine that no person should be allowed to profit by his own wrongdoing. By provoking the intoxicated person, the plaintiff had acted wrongfully. (See *Taylor v. Hughes* (1958), 17 Ill. App. 2d 138, 149 N.E.2d 393.) However, in *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 543, 372 N.E.2d 637, 641, our supreme court stated:

> "Complicity is not predicated on the plaintiff's contribution to his injury but only upon his contribution to the inebriate's intoxication.
>
> The orderly administration of justice dictates that a clear rule of complicity be distilled. That rule, predicated on the better-reasoned decisions and the concept of the doctrine is this: only one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery."

In *Parsons v. Veterans of Foreign Wars Post 6372* (1980), 86 Ill. App. 3d 515, 517, 408 N.E.2d 68, 71, this court stated:

> "Complicity cannot be based upon a variant of the inapplicable contributory negligence concept, nor upon an 'assumption of risk' theory, nor upon a theory that plaintiff contributed to his injury by provoking the inebriate to attack him."

Therefore, provocation is not a defense to a Dramshop action in Illinois, and the court properly refused defendant's tendered instructions.

Under the Act, "loss of means of support" has been construed as requiring that the person injured did in fact render support, and no damage award can be based on the future potentiality of support not presently provable. (*Shiflett v. Madison* (1969), 105 Ill. App. 2d 382, 245 N.E.2d 567.) In the case at bar, Kimberly Galyean, wife of Kenneth Galyean, testified that at the time of the incident that is the basis of this lawsuit, she and Kenneth were the parents of two children. At the time of the incident neither she nor Kenneth were employed, and she was receiving public aid. After the Illinois Department of Public Aid determined that he was not eligible for unemployment benefits, Kenneth also received public aid. Kenneth's first job after the injury was at a food store that was owned by his uncle.

Kenneth Galyean testified that in 1979 he worked at Blankenship's in Herrin, Illinois, earning $3.25 an hour. He then worked in

Florida from approximately July through December 1979, earning $6 per hour. He further testified that he earned approximately $8,000 in 1979, although his Federal income tax return shows $2,331 as his income. His 1978 Federal income tax return shows $2,251 as his income. He admitted that while in Florida his wife received public aid. After the injury he wore a cast on his leg until May 1, 1980. At the time of trial, September 13, 1983, the ankle still caused him pain and he was unemployed.

Among the jury instructions were the following:

"If you decide for the plaintiff, Kenneth Galyean, on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the acts of the defendant:

The disability and disfigurement resulting from the injury;

The pain and suffering experienced as a result of the injuries;

The value of earnings and the present cash value of the earnings reasonably certain to be lost in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine." Illinois Pattern Jury Instructions (IPI), Civil, Nos. 30.01, 30.04, 30.05, 30.07 (2d ed. 1971).

"If you decide for the plaintiff[s], Kimberly Galyean, Christina Galyean and Cheryl Galyean, on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate them for any of the following elements of damage proved by the evidence to have resulted from the wrongful conduct of the defendant:

[1] The value of earnings lost and the present cash value of the earnings reasonably certain to be lost in the future." IPI Civil Nos. 30.01, 30.07.

"The phrase, 'means of support' includes the necessities of life, and comforts as well. Whatever lessens or impairs the ability to supply suitable comforts which might reasonably be expected from the person who furnished support, considering his occupation and capacity for earning money, may be regarded as lessening and impairing the 'means of support' referred to in these instructions." IPI Civil No. 150.14.

 Pursuant to the Act, a single injury may give rise to any number of different causes of action. Any number of different persons may be damaged in person, property or means of support as a result of a single occurrence. Regardless of the fact that there may be multi-

ple remedies and actions available to plaintiffs, it is axiomatic that for one injury there may be but one satisfaction. The instructions given by a court must be so framed as not to mislead the jury into duplicating the elements of damages in a recovery or into awarding damages twice for the same injury. (*Shiflett v. Madison* (1969), 105 Ill. App. 2d 382, 245 N.E.2d 567; see also *Halka v. Zupan* (1979), 68 Ill. App. 3d 616, 386 N.E.2d 439.) In the case at bar, Kenneth Galyean had a right of action to recover for his injuries and his money loss. For the use of his family, the other plaintiffs, he could recover for injuries to their means of support. However, Kenneth Galyean's lost income was included as an element of damages in both his action and in the action brought by him for the use of his family. In framing its instruction as it did, including the lost income of Kenneth Galyean as an element of damages in both actions, the trial court erred in that those instructions might very well have misled the jury into awarding damages twice for the same injury, which would be contrary to law. *Shiflett v. Madison* (1969), 105 Ill. App. 2d 382, 245 N.E.2d 567.

For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed as to liability and Kenneth Galyean's award of $8,000. The remaining plaintiffs' recovery of $2,900 in damages is reversed.

Plaintiffs rely on *American National Bank v. Wisniewski* (1974), 18 Ill. App. 3d 961, 310 N.E.2d 834, which is inapposite to the case at bar. In that case, Kamil and his son, Roy, were killed as a result of an automobile collision with Albert Stynowick, the intoxicated person. Because of diversity of citizenship, suit was filed against Stynowick in Federal court. As the result of a Federal court judgment, Stynowick's insurance carrier paid the sum of $21,875, the full amount of its coverage. The probate court allocated $12,000 of the foregoing judgment to the estate of the mother, Florence, who had committed suicide, $8,000 to the estate of Roy and $1,875 for property damage to the estate of Kamil. Florence's suicide was unrelated to the traffic accident. A Dramshop action was filed in the circuit court against Wisniewski, owner of the Cozy Corner Tavern. Judgment was entered in the Dramshop action in favor of the estate of Kamil Brazda for $20,000. On appeal, defendants contended that they were entitled to a credit for the *total* amount received from Stynowick's insurance carrier. The court recognized that a single collision or accident may give rise to a number of different causes of action and stated that defendants "are not entitled to credit for $12,000 paid to the estate of Florence or for the $8,000 paid to the estate of Roy, because these payments were for causes of action for which there was either no

recovery sought or no recovery received in the present suit." (18 Ill. App. 3d 961, 968-69, 310 N.E.2d 834, 840.) In the case at bar, recovery was sought for loss of support and loss of earnings.

Finally, *Judy v. Day* (1979), 68 Ill. App. 3d 156, 385 N.E.2d 891, upon which plaintiffs also rely, is likewise inapposite, as the only issue in *Judy v. Day* was whether the recovery for loss of means of support was allowable where the decedent was not, at the time of his death, specifically providing support to the child under the circumstances shown in the record. In the case at bar, the issue is whether the instructions allowed defendant double recovery for one element, lost wages.

Affirmed in part; reversed in part.

WELCH, P.J., and HARRISON, J., concur.