GREGORY P. AKIN, Plaintiff-Appellee, v. J.R.'S LOUNGE, INC., Defendant-Appellant (Darcy M. Hoffman, Defendant).

Third District   No. 3—86—0418

Opinion filed August 13, 1987.

Andrew H. Marsch and John H. Wilhelm, both of Law Offices of Andrew H. Marsch, of Wheaton, for appellant.

Brumund, Belom, Jacobs & Singer, of Joliet, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

In this dramshop action, defendant J.R.'s Lounge, Inc., appeals from a judgment entered in the sum of $15,000 in favor of plaintiff Gregory Akin.

The facts giving rise to this litigation are not at issue. About 2:30 a.m. on March 24, 1984, plaintiff and defendant Darcy Hoffman became involved in an argument, in the course of which Hoffman stabbed Akin with a knife in the chest. Plaintiff Akin subsequently filed suit for damages in the circuit court of Will County. The complaint included a count against J.R.'s Lounge, Inc., pursuant to section 6—21 of the Liquor Control Act of 1984 (Ill. Rev. Stat. 1983, ch. 43, par. 135) and a second count against Darcy Hoffman for "maliciously and wantonly" assaulting plaintiff and stabbing him. The cause was tried before a jury. A verdict was returned for plaintiff against J.R.'s Lounge, Inc., but as to Hoffman, the jury was deadlocked and a mistrial was declared. The trial court entered judgment on the verdict against J.R.'s Lounge, Inc., and set the cause against Hoffman for retrial.

■ On appeal defendant lounge first contends that it was error to enter judgment on the verdict against the dramshop in the absence of a verdict against Hoffman, the alleged inebriate. Defendant asserts that the law requires plaintiff to plead and prove that Hoffman was intoxicated at the time of the incident complained of, that she was intoxicated as a result of alcoholic liquor sold or given to her by J.R.'s Lounge, Inc., and that she committed a tortious act against plaintiff resulting in his injury. Defendant further argues that the failure of the jury to return a verdict against one defendant is the equivalent to a finding of not guilty as to that defendant (*Rakus v. Black* (1965), 55 Ill. App. 2d 438, 204 N.E.2d 611) and, hence, that it was inconsistent to find Hoffman not guilty of committing the alleged battery against plaintiff while finding defendant lounge liable for the injuries caused by that same alleged battery.

The law in Illinois is quite clear on this point. In *McDonald v. Risch* (1968), 41 Ill. 2d 242, 242 N.E.2d 244, the Supreme Court of Illinois reiterated the rule that, in a dramshop action under the "by" theory, the injury must be caused by a tortious act of an intoxicated person. Here plaintiff alleged an intentional tort against defendant Hoffman, but the jury was not persuaded that plaintiff met his burden of proving those allegations. In that count against defendant lounge, plaintiff merely alleged that Hoffman was intoxicated and that she stabbed plaintiff. We are not asked to rule on the sufficiency of those pleadings, but it is clear that the jury did not find that a tortious act was committed here. Therefore, an essential element of plaintiff's case against defendant lounge is missing. Consequently, it was error to enter judgment for plaintiff on the jury's verdict; rather, under these circumstances a new trial should have been ordered on both counts of the complaint.

Since this cause will have to be retried, we will also consider the other two issues presented by defendant lounge. Both are likely to arise again on retrial.

■ Defendant lounge argues that it was error to instruct the jury that, in order to find against defendant Hoffman, they must find that Hoffman committed a battery and to define battery, and then also to instruct that, in order to find against defendant lounge under the statute, they need only find that Hoffman's conduct was "wrongful" without defining "wrongful." As we have already indicated, the law of Illinois requires a finding of a tortious act by the intoxicated person in order to find the dramshop liable. The instructions given did not reflect that doctrine and, hence, were in error. Use of the word "wrongful," without more, is not the equivalent of "tortious."

Defendant lounge also contends that the trial court erred in striking its affirmative defense of provocation. According to the record, an affirmative defense was served on the parties in November of 1985 and was filed on the first day of trial, February 18, 1986. On the same date, plaintiff filed a written motion to strike the affirmative defense on the ground that provocation is not a defense in a dramshop action. The trial court granted the motion to strike.

■ Although there are cases going both ways on the question of whether provocation can be a defense in a dramshop action, we believe the weight of authority, and the better reasoned view as well, is that provocation is an affirmative defense in a dramshop case. *Williams v. Franks* (1973), 11 Ill. App. 3d 937, 298 N.E.2d 401; *Tresch v. Nielsen* (1965), 57 Ill. App. 2d 469, 207 N.E.2d 109; *Bowman v. O'Brien* (1940), 303 Ill. App. 630, 25 N.E.2d 544. Accord *Foster v. Lanciault* (1979), 70 Ill. App. 3d 962, 388 N.E.2d 1140; see *Taylor v. Hughes* (1958), 17 Ill. App. 2d 138, 149 N.E.2d 393; *Martin v. Blackburn* (1942), 312 Ill. App. 549, 38 N.E.2d 939.

■■ It is beyond question that a remedy under the Dramshop Act is available only to *innocent* third persons who are injured as a result of the sale or gift of intoxicating beverages. (*Hopkins v. Powers* (1986), 113 Ill. 2d 206, 497 N.E.2d 757.) Thus, under the doctrine of complicity, a person who actively contributes to or procures the intoxication of the inebriate is barred from recovery under the statute. (*Nelson v. Araiza* (1977), 69 Ill. 2d 534, 372 N.E.2d 637.) In the one case relied upon by plaintiff, the reviewing court concluded that provocation is no longer available as an affirmative defense in a dramshop action and that complicity is the only such defense permitted. (*Galyean v. Duncan* (1984), 125 Ill. App. 3d 464, 466 N.E.2d 264.) In reaching that conclusion, the court construed *Nelson v. Araiza* as narrowly as possible. The *Nelson v. Araiza* decision drew a careful distinction between the doctrine of contributory negligence and the doctrine of complicity and also observed that one who provokes an attack is not guilty of complicity. The court then stated the rule of complicity as follows: "Only one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery." (*Nelson v. Araiza* (1977), 69 Ill. 2d 534, 543, 372 N.E.2d 637, 641.) The court does not expressly rule that provocation would not be available as a defense in an appropriate case, and clearly no issue of provocation arose under the facts of *Nelson v. Araiza*. Plaintiff's argument ignores the long line of precedent, cited above, recognizing provocation as a defense available to a defendant in dramshop litigation. Since the court in *Nelson v. Araiza* did not purport to overrule

these earlier decisions recognizing provocation as an affirmative defense, we shall not do so either.

Plaintiff insists that the affirmative defense was not timely since it was filed the day of trial (see *Tate v. Coonce* (1981), 97 Ill. App. 3d 145, 421 N.E.2d 1385), but we do not agree. The parties obviously received the motion some time prior to the date it was filed and heard. Furthermore, timeliness was not raised in the plaintiff's motion to strike, and nothing in the record indicates that the trial court considered or relied upon that ground. Instead, the record does disclose that the affirmative defense was stricken because the trial court considered provocation to be no longer available as an affirmative defense. In that, the court erred. The affirmative defense should be allowed upon retrial of this cause.

For the reasons stated, we reverse the judgment entered in the circuit court of Will County and remand for further proceedings consistent with this opinion.

Reversed and remanded.

WOMBACHER and HEIPLE, JJ., concur.