Jack Shiflett, Individually, and for the Use of Fay Shiflett, Individually, as His Wife, Plaintiffs-Appellees, v. Clifford Madison, d/b/a Cliff's Lounge, Joseph Armenali, et al., Defendants-Appellants.

Gen. No. 51,835.

First District, Fourth Division.

February 5, 1969.

Sullivan & Cooper, and Canel & Canel, of Chicago (Jay A. Canel, of counsel), for appellants.

Fred Lambruschi and Joseph Stillo, of Chicago (Fred Lambruschi, Herbert Veldenz, and Vera E. Cuthbert, of counsel), for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from a judgment entered by the Circuit Court of Cook County on May 5, 1966, pursuant to the Dram Shop Act (Ill Rev Stats 1963, c 43, § 135), ordering that the plaintiffs, Jack Shiflett and his wife, Fay Shiflett, have and recover from the defendants, Clifford Madison, doing business as Cliff's Lounge; Joseph Armenali; Ann Armenali; Anthony J. Zini; and Marjorie Zini, the sums of $15,000 and $8,000 respectively.

Plaintiff Jack Shiflett, individually, and for the use of his wife, Fay Shiflett, filed his complaint at law and amendments thereto, alleging that the defendant, Clifford Madison, was the owner and operator of a liquor tavern known as Cliff's Lounge; that defendants Joseph Armenali, Ann Armenali, Anthony J. Zini and Marjorie Zini, owned, possessed and controlled the building where the aforementioned tavern is located, and that they leased the premises to Clifford Madison, knowing full well that he intended to use the premises for the selling of alcoholic liquor therein; that on October 4, 1963, Clifford Madison sold intoxicating liquor to one Johnny Lee Morris, causing him to be become intoxicated; that as a direct and proximate result and in consequence of said intoxication,

Johnny Lee Morris, wilfully and without provocation, assaulted Jack Shiflett, causing him great bodily harm consisting of both outward lacerations and internal injuries; that therefore, by force of the Illinois Dram Shop Act, the plaintiff, Jack Shiflett, is entitled to recover damages from the defendants in the sum of $15,000, and that Fay Shiflett, his lawful wife, is entitled to recover damages from the defendants in the sum of $20,000 for the loss of her income and means of support resulting from her husband's injuries.

In response the defendants filed their answer in which they denied their liability under the Dram Shop Act for the injuries inflicted upon Jack Shiflett by Johnny Lee Morris, and further alleged that the plaintiffs are not entitled to recover damages in the amounts prayed for.

On April 28, a trial was held before the court, and the following evidence was presented. On October 4, 1963, the plaintiffs, together with several friends, were patrons at Cliff's Lounge, located at 4612 North Clark Street, in Chicago. There was an altercation between Jack Shiflett and Johnny Lee Morris, resulting in Jack Shiflett's being injured. The plaintiffs instituted suit against the named defendants under the Illinois Dram Shop Act, and also against Johnny Lee Morris. During the trial, however, Morris was dismissed as a party defendant.

At trial, the defendants set out that Jack Shiflett had provoked the altercation, but the jury decided the issue in favor of the plaintiff, and found that Jack Shiflett had in fact been assaulted without provocation. As a result, Shiflett claimed that he was injured extensively and is now unable to perform his ordinary occupation; that as a consequence he has lost substantial income and incurred considerable medical expenses. He testified that he was employed by the Anchor Metal Finishing Company during 1960 and 1961, earning $3,900 and $4,800, respectively, during that time, but that during 1962 he was unemployed. He testified that in 1963 he had worked for four months as a painter for Roberts Painting and Dec-

orating at a weekly salary of $100, but that he had never been fully paid for his labor; that he had worked a few days for a plumbing and heating company; that for four or five weeks prior to the injury he had been employed as a carpenter's helper at Landy Feldman Construction Company at a weekly salary of $100, and in addition had earned from $10 to $15 a week working part time in Cliff's Lounge. In his 1963 income tax report, however, the plaintiff did not report any income from Landy Feldman Construction Company, nor did he mention in his answers to interrogatories that he had ever been employed as a carpenter's helper.

Jack Shiflett.further testified that during his working periods he turned over his salary to his wife and thereby contributed to her support, but that during most of the year 1962–63 his wife was the sole support of the family.

At one point in the trial, counsel for the defendants tried to introduce evidence in an attempt to show the type of automobile owned by plaintiffs—a 1966 Chevrolet Impala. The trial judge, however, ruled that such evidence was not admissible and excluded it. After the evidence had been presented the trial court instructed the jury, over defendants' objection, as follows:

> If you decide for the plaintiff, Jack Shiflett on the question of liability as to the defendants, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have been caused by the intoxicated person:
>
>> The nature, extent and duration of the injury.
>>
>> The disability and disfigurement resulting from the injury.
>>
>> The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

385

The reasonable expense of necessary medical care, treatment, and services received.

The value of salaries individually lost to the plaintiff.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

This amount may not exceed Fifteen Thousand ($15,000.00) Dollars.

If you decide for the plaintiff, Jack Shiflett for the use of Fay Shiflett, on the question of liability, you must then fix the total amount of money which will reasonably and fairly compensate the person you find has suffered loss to her means of support, for such loss. This amount may not exceed Twenty Thousand ($20,000.00) Dollars.

The phrase, "means of support" includes the necessities of life, and comforts as well. Whatever lessens or impairs the ability to supply suitable comforts which might reasonably be expected from the person who furnished support, considering his occupation and capacity for earning money, may be regarded as lessening or impairing the "means of support" referred to in these instructions.

Based upon these instructions, the jury returned a verdict in favor of the plaintiff, Jack Shiflett, in the amount of $15,000, and in favor of Jack Shiflett for the use of Fay Shiflett in the amount of $8,000. Judgment was then entered on the verdict. On July 11, 1966, the defendants filed their post-trial motion asking that the court set aside and vacate the verdict of the jury and its judgment entered, or in the alternative, to order a new trial. On August 15, 1966, the court denied defendants' motion, and on September 2, 1966, defendants filed their notice of appeal with this court.

In the instant appeal defendants take the position that they are entitled either to a new trial on the issue of damages, or in the alternative, to have the $8,000 judgment in favor of Jack Shiflett for the use of Fay Shiflett credited toward the $15,000 judgment in favor of Jack Shiflett, individually, thereby reducing the total judgment to the sum of $15,000. In support of their position defendants present the following theories: that the trial court erred in giving the instructions relating to the elements of damages in the case of Jack Shiflett, individually, because that element of damages, being loss of wages, was already included as an element of damages in the case of Jack Shiflett for the use of Fay Shiflett, for the loss of her means of support, thereby resulting in a double recovery for the same injury, contrary to law; that in the alternative, the verdict for loss of means of support was not supported by the evidence presented at trial; and further, that the court erred in excluding evidence pertaining to the type of automobile owned by the plaintiffs.

Since the defendants admit in their brief that they are liable to plaintiffs under the Dram Shop Act, and are not raising that question in this appeal, we can proceed directly to the question of the propriety of the damage award.

It is a well-settled rule of law that under the Dram Shop Act "loss of means of support" has been construed as requiring that the person injured did in fact render support and that no damage award can be based on a future potentiality of support not presently provable. Robertson v. White, 11 Ill App2d 177, 136 NE2d 550; Lowrey v. Malkowski, 23 Ill App2d 371, 163 NE2d 528.

In the instant case the evidence pertaining to Jack Shiflett's employment is as follows: He was unemployed during all of 1962, and in 1963 he was employed for

about four months as a painter at a weekly salary of approximately $100, but had never been fully paid for his services, having received only $60.40. He also worked for a plumbing and heating firm, but only for a few days. He earned $10 to $15 a week in part-time work at Cliff's Lounge. Although Shiflett testified that at the time of the injury in question he was employed and had been employed four to five weeks previously, his testimony is contradicted by his own answers to interrogatories and by his failure to include in his 1963 income tax return any income supposedly derived from that employment. In fact, the only provable income which was reported during 1963 was the $60.40 previously mentioned. Accordingly, under the circumstances present here, the damages awarded to Fay Shiflett were not based upon any loss of support presently provable as required under the previously cited rule of law.

Furthermore, under section 135, chapter 43, Ill Rev Stats 1963, the following is provided:

> Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; . . . . An action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, resulting as aforesaid. Such action shall be brought by and in the name of the person injured or the personal representative of the deceased person, as the case may be, from whom said support was furnished, . . . .

Pursuant to this Act, a single injury may give rise to any number of different causes of action; any number of different persons may be damaged in person, prop-

erty or means of support as the result of a single occurrence. Such is the case at bar. Kelly v. Hughes, 33 Ill App2d 314, 173 NE2d 273.

■ ■ Jack Shiflett has a right of action to recover for his injuries and his money loss; for the use of his wife, Fay Shiflett, he can recover for injuries to her means of support. However, it is well settled that regardless of the fact that there may be available to plaintiffs multiple remedies and actions, it is axiomatic that for one injury there may be but one satisfaction. Haupt v. Golick, 57 Ill App2d 481, 206 NE2d 542. The instructions given by a court must be so framed as not to mislead the jury into duplicating the elements of damages in a recovery, or into awarding damages twice for the same injury. See Monken v. Baltimore & O. R. Co., 342 Ill App 1, 95 NE2d 130.

Kelly v. Hughes, supra, is analogous to the instant case. There the plaintiff sued under the Dram Shop Act for injuries to herself in Count I of her complaint, and on behalf of her parents for their loss of her means of support in Count II. The court held that it was not a situation where the plaintiff would receive a double recovery, because she had expressly excluded from her cause of action under Count I any claim for any portion of her income which she had used to support her parents. Had she included the same element of damages in both counts she would have recovered twice for the same injury.

In the case before us, Jack Shiflett's lost income is included as an element of damages in both his action and in the action brought by him for the use of his wife. The instruction as to the elements of damage to be considered in his action specifically provided for "the value of salaries individually lost to the plaintiff." In addition, he was allowed to recover for the use of his wife damages for her "loss of support" which was defined in another instruction as including "whatever less-

ens or impairs the ability to supply suitable comforts which might reasonably be expected from the person who furnished support, *considering his occupation and capacity for earning money,* may be regarded as lessening or impairing the 'means of support' referred to in these instructions." (Emphasis supplied.)

In framing its instructions as it did, including the lost income of Jack Shiflett as an element of damages in both actions, the trial court erred in that those instructions might very well have misled the jury into awarding damages twice for the same injury, contrary to law.

Since the defendants are not questioning the propriety of a total award in the amount of $15,000, and since we have concluded that the jury improperly awarded damages to Jack Shiflett for the use of Fay Shiflett to compensate her for the loss of her support, in that no actual loss of support had been proved, and that the instructions given to the jury on the question were improper, the judgment in favor of Jack Shiflett for the use of Fay Shiflett is reversed, and the judgment in favor of Jack Shiflett, individually, is affirmed.

Reversed in part, affirmed in part.

DRUCKER, P. J. and ENGLISH, J., concur.