CHARLES C. SAPP, JR., Plaintiff-Appellant, *v.* FRANK JOHNSTON, d/b/a MARSHALL's *et al.,* Defendants-Appellees.

(No. 73-71; ■■■)

Third District—October 26, 1973.

120

Larry M. Leiken, of Eureka, for appellant.

McConnell, Kennedy, McConnell & Morris, Goldsworthy & Fifield, and Kenneth W. Black, all of Peoria, (Duncan Cooper, III, of counsel,) for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Tazewell County, Illinois, granting the defendants' motion for summary judgment in a dram shop case and denying the plaintiff's motion for leave to file an amendment to his complaint.

On April 18, 1972, the plaintiff, Charles C. Sapp, Jr., filed a complaint in which he alleged that he was injured in an accident which occurred on April 20, 1971, when he was a passenger in an automobile driven by Michael Minch, who was intoxicated after visiting various taverns and drove his car at a high rate of speed off the road and into a large construction trailer, causing the plaintiff to lose the use of his left arm and to suffer various other injuries. The operators of the dram shops and the owners of the premises were made defendants.

On November 9, 1972, a motion for summary judgment was filed by certain of the defendants, claiming that the plaintiff was barred from recovering because he was guilty of complicity in the intoxication of Michael Minch. A deposition obtained from the plaintiff was attached as an exhibit. On November 30, 1972, a motion was filed by the plaintiff for leave to amend his complaint so as to name his father, Charles C. Sapp, Sr., as an additional party plaintiff, and so as to allege that the father had suffered injury to his means of support and would be required to pay for medical services provided for his son. On December 5, 1972, an order was entered which found that the plaintiff was guilty of complicity, found that the proposed amendment came too late because more than a year had elapsed since the accident, and accordingly granted summary judgment and denied leave to amend. This appeal followed.

From the deposition it appears that on April 19, 1971, at approximately 3:30 P.M., the plaintiff met Michael Minch at the Shamrock Inn, in Washington, Illinois. There they remained about six or six and a half hours, playing pool, talking with each other, and drinking beer together. Each consumed six or more beers, and each bought one or two beers for the other. At about 10:00 P.M. they went from there to Marshall's, in the same city, where they drank beer together for about an hour, each consuming four or more beers. At approximately 11:00 P.M. they went to a nearby restaurant, where they spent another hour. They then drove to the Four O'Clock Club, in East Peoria, Illinois, where they stayed over an hour and drank more beer. Then, early in the morning on April 20, 1971, they started home; the plaintiff went to sleep; Michael Minch drove off the road, and the plaintiff woke up in the hospital.

The plaintiff contends that whether his participation in the drinking made him guilty of complicity so as to bar his claim was a question of fact for the jury to decide. He also advances the argument that the

amendment of the Dram Shop Act which came into effect August 19, 1971 (P. A. 77—1186), and which deleted "in whole or in part" from the section imposing liability on one who "caused" another's intoxication in the event that specified injuries followed (Ill. Rev. Stat. 1971, ch. 43, par. 135), should be applied retroactively to claims then existing which arose before its effective date; that the effect of the amendment was to revise the standard of conduct which gives rise to the remedy, imposing liability only on a tavern which has caused a person's intoxication completely and not just in part; that the defense of complicity should be revised correspondingly, in order to maintain a balance of duties and obligations, so as to require proof that a plaintiff to be barred from recovery must have caused the intoxication of the inebriate; and that he did not cause Michael Minch to become drunk. He also asserts that amendment of his complaint should have been allowed because its purpose was to permit his father, who could not be charged with complicity, to recover for medical expenses which the father is legally obligated to pay; the original complaint specified medical expenses as an element of damages, and the father's claim grew out of the same transaction or occurrence; and so the amendment should be held to relate back to the filing of the original complaint, under section 46 of the Civil Practice Act. Ill. Rev. Stat. 1971, ch. 110, par. 46.

The defendants maintain that on the facts disclosed by the deposition the trial court was correct in granting summary judgment on the basis of complicity; that the 1971 amendment of the Dram Shop Act did not change the doctrine of complicity; and that the claim of the father was an entirely new, separate, and distinct claim which was properly treated as barred by the one-year-limitation provision contained in the Dram Shop Act. Ill. Rev. Stat. 1971, ch. 43, par. 135.

■■ We believe the deposition makes it clear that the plaintiff voluntarily participated to a material and substantial extent in the drinking which led to the intoxication of Michael Minch; willingly encouraged the drinking which caused Michael Minch's intoxication, by accompanying him on the tour of taverns and drinking with him in those various places; and willingly caused Michael Minch's intoxication, in some measure, by exchanging drinks with him. (See IPI 2d 150.17, and Comment following.) We therefore believe it was proper for the trial court to find that the plaintiff was guilty of complicity, to hold that the plaintiff was accordingly barred from recovering from the defendants, and to allow the defendants' motion for summary judgment. *Holcomb v. Hornback,* 51 Ill.App.2d 84; *Baker v. Hannan,* 44 Ill.App.2d 157; *Phenicie v. Service Liquor Store, Inc.,* 23 Ill.App.2d 492; see Annot., 26 A.L.R.3d 1112.

■■ We need not consider the merits of the plaintiff's argument based

upon and derived from the 1971 amendment of the Dram Shop Act, because we have recently held that this amendment should not be given retroactive effect (*Edenburn v. Riggins*, 301 N.E.2d 132, 13 Ill.App.2d 830), and we are not persuaded that we should change our position on this issue.

■■ Furthermore, we need not give consideration to whether the proposed amendment of the complaint was correctly held to have been barred by limitations, because the plaintiff's stated purpose, namely, to permit his father to recover damages for medical expenses for which the father is liable under specified statutes, does not appear to us to be a valid one.

The deposition of Charles Jr. shows that his father and mother were divorced; that the father lived in Hannibal, Mo.; that the mother who had custody of Jr. as a child lived in Eureka, Ill.; and that Jr. lived with his mother and stepfather in Eureka, graduated from high school there and then worked at Caterpillar until he entered Military Service. On return from military service he continued to live with his mother and resided with her on the day of the accident. He was past 21 years of age on the date of the accident. (The deposition further shows that expenses were paid by the Department of Public Aid and the Veterans Administration.)

The proposed amended complaint alleges that "* * * Charles C. Sapp Sr. is the father * * * and that as a result * * * will be required to pay for medical services." He cites in the complaint and expressly relies on "Chapter 23, Section 7—6 and Chapter 68, Section 15 of the Illinois Revised Statutes (1971)."

Was Charles Sr. injured in "property"?

"A person is damaged in his property when his assets or money are depleted by the payment of expenses or the incurring of liability for the payments of same." *Shepherd v. Marsaglia*, 31 Ill.App.2d 379.

Then did Charles Sr. incur liability for payment of his adult son's medical expenses? He did not.

■■ The father is not liable for the cost of medical services under section 7—6 of the Illinois Public Aid Code (Ill. Rev. Stat. 1971, ch. 23, par. 7—6) because "legally responsible relative" under section 2—11 of the Code no longer includes a parent of any child who is over 21. (The Act was amended effective Oct. 6, 1969.)

The father is not liable under the family-expense section of the Husband and Wife Act (Ill. Rev. Stat. 1971, ch. 68, par. 15) because the son is not a minor child. (See *Graul v. Adrian*, 32 Ill.2d 345, 347). And further, the statute does not apply where the parents are divorced. *Hess v. Slutsky*, 224 Ill.App. 419.

■■ The father is not liable under the common law. The common law went no farther than to impose on parents the duty of supporting their minor children. (*People v. Hill,* 163 Ill. 186. (Annotation, 1 A.L.R.2d 910, 914 Sec. 3.)) And, as a general rule, where a child is capable of supporting himself, the parent's legal duty to support him ceases when he arrives at the age of majority. (*Iroquois Iron Co. v. Industrial Com.* 294 Ill. 106.) Thus the liability of a parent for medical services furnished to a child does not extend to an adult child capable of earning his own living at the time of reaching majority. 59 Am.Jur.2d, Parent and Child, sec. 103.

■■ The test to be applied in determining whether discretion with respect to allowance of amendments to pleadings was properly exercised is whether it furthers the ends of justice, and in such regard, the court may properly consider the ultimate efficacy of a claim in passing on a motion for leave to amend. *Bowman v. County of Lake,* 29 Ill.2d 268, 281.

■■ The proposed amendment also mentions injury to the father's means of support, but this would require that support had previously been provided by the son (*Shiflett v. Madison,* 105 Ill.App.2d 382, 387; *Lowrey v. Malkowski,* 23 Ill.App.2d 371, 375; *Robertson v. White* 11 Ill. App.2d 177; see Annot., 4 A.L.R.3d 1332), and the point was not urged on this appeal. Accordingly we will not disturb the trial judge's ruling on the motion for leave to amend.

For the reasons indicated, the order of the Circuit Court of Tazewell County, Illinois, is affirmed.

Order affirmed.

STOUDER and SCOTT, JJ., concur.