WILLIAM V. JUDY, Adm'r of the Estate of Wayne A. Judy, Deceased, Plaintiff-Appellee, v. SHIRLEY DAY et al., d/b/a The Black Kat, Defendants-Appellants.

Third District   No. 78-72

Opinion filed January 31, 1979.

R. J. Lannon, Jr., and Robert M. Hansen, both of Herbolsheimer, Lannon and Henson, P. C., of LaSalle, for appellants.

Craig M. Armstrong, of Armstrong & Carter, of Ottawa, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendants Shirley Day and David Mettille, d/b/a The Black Kat (hereinafter referred to as "The Black Kat"), appeal from a judgment entered against them in a dramshop action brought by the administrator of the estate of Wayne A. Judy, pursuant to section 14 of article VI of the Illinois liquor control act (Ill. Rev. Stat. 1975, ch. 43, par. 135). The action sought recovery for loss of means of support by the decedent's five-year-old son who was then in the legal custody of his father, at the time of his father's death. The case was tried without a jury, and the trial court, as the fact-finder, found that the plaintiff had proven loss of means of support by the son. The trial court then entered judgment for the statutory maximum of $20,000. The sole issue raised by The Black Kat on this appeal is whether the recovery for loss of means of support is allowable where the decedent was not, at the time of his death, specifically providing support to the child, under the circumstances shown in the record. No issue is otherwise raised with respect to the finding of liability as against the dramshop operators.

It is noted from the record that decedent Wayne Judy and his former wife, Kathy, were married in April of 1971. In August of 1972, the son, Michael, was born to them. During the time the family was together, Wayne supported his wife and son. In May of 1973, Kathy Judy obtained a divorce from Wayne and, pursuant to the decree in that case, Wayne was ordered to pay $30 per week in child support for his son Michael and was given reasonable visitation privileges. Monthly support payments were made regularly from May 1973 until August 1973, and Wayne visited regularly with Michael. In August 1973, Kathy Judy, without court

approval, took Michael and flew to California without informing Wayne of their whereabouts in California. Wayne thereafter stopped making the support payments and began efforts to obtain custody of his son. In January 1974, Wayne filed a modification petition in the divorce case seeking custody of Michael and seeking to have the court require his absent wife to post a cash bond to guarantee the delivery of the child. Proper notice was given to Kathy Judy in California, but she made no appearance. The court, on August 20, 1974, entered an order finding that Kathy Judy (1) had failed to afford Wayne Judy his visitation rights, and (2) had removed the child from the State and had concealed his whereabouts from Wayne. The court also found that Wayne was a fit and proper person to have the care, custody and control of the child and that Kathy was unfit for such care and custody. Wayne Judy was given full custody of his minor son, Michael, and the order directed Kathy Judy to deliver the child forthwith to Wayne in Ottawa, Illinois. The order, also, terminated Wayne's duty to pay support money through Kathy and ordered that all child-support payments previously owed by Wayne to be used as a bond to guarantee the return of the child. The relief requested was in conformity with the request made in Wayne's petition in January 1974.

Less than two weeks from the entry of the custody decree, and prior to the actual return of the child, Wayne Judy was killed in an automobile accident after becoming intoxicated at The Black Kat.

On appeal to this court, liability is not an issue nor is the decedent's employment history and income capability at issue. The only issue is the propriety of the award of $20,000 for lost support arising from the death of Wayne, in view of the fact that Wayne had not specifically contributed to his son's support, under the circumstances in the case, for over a year prior to Wayne's death.

In the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 135) it is provided that persons injured in the loss of their means of support, as a result of violations of the Dramshop Act, are permitted to recover for that loss of their means of support. With respect to proof of loss of means of support, one seeking such recovery is stated to be unable to rely only on the mere speculative possibility of support in the future (*Shiflett v. Madison* (1st Dist. 1969), 105 Ill. App. 2d 382, 245 N.E.2d 567; see Illinois Pattern Instructions, Civil, No. 150.00 (2d ed. 1971) (hereinafter IPI)). The evidence in support of an action for loss of means of support must establish a reasonable expectation of future support (see *Edenburn v. Riggins* (3d Dist. 1973), 13 Ill. App. 3d 830, 836, 301 N.E.2d 132; IPI Civil No. 150.14 (2d ed. 1971)). By its nature, the question of a reasonable expectation of future support is a factual question for the trial court to determine in the first instance. The judgment of the trial court on such

factual matters will not be disturbed unless it is contrary to the manifest weight of the evidence. *Fisher v. City of Aledo* (3d Dist. 1974), 23 Ill. App. 3d 190, 192, 318 N.E.2d 305.

█ It has been noted that the easiest and most reliable method of establishing a reasonable expectation of support would be the production of evidence showing support both in the past and at the time the loss was occasioned by violation of the Dramshop Act. Thus, the courts have spoken in terms of proof of actual present support (*Robertson v. White* (1st Dist. 1956), 11 Ill. App. 2d 177, 179, 136 N.E.2d 550), or have noted that any future potentiality of expectation of support must be presently provable. (*Shiflett v. Madison* (1st Dist. 1969), 105 Ill. App. 2d 382, 245 N.E.2d 567.) In the *Robertson* case, the court did recognize, however, that future support was the issue and that present support was only "the ordinary way" of proving future support. The court there stated (11 Ill. App. 2d 177, 179):

> "In all actions under the Dram Shop Act damages are based on a loss of future means of support, but in the ordinary case support is presently being rendered and it is presumed that it will continue."

The defendants, by focusing narrowly in on "actual present support" language, seek to make such proof the exclusive method of establishing a reasonable expectation of support in the future. The inadequacy and injustice of such a hard and fast rule in this area of law is amply demonstrated by the facts in the instant case, which clearly establish Michael Judy's reasonable expectation of support from his father. Wayne Judy provided support for his son Michael during his marriage to Kathy Judy. He provided support for his son and regularly visited him after he and his wife were divorced. The only period of time during which he did not provide support for his son was that period during which the child had been removed to California or his whereabouts concealed. The cessation of support payments, under such circumstances, is not unreasonable. In addition, within a few months from his wife's flight to California, Wayne began proceedings to obtain custody over his son. His petition for modification of the divorce decree, filed less than four months after the child's removal from Illinois, sought to end his support obligations under the previous decree, in the amount of $30 weekly, and asking for custody of the child. It also requested the court to impose upon Wayne the full support obligations of a custodial parent. These actions by the decedent, prior to his death, evidenced his desire and intention to assume full support obligations for his son. The court entered an order giving Wayne Judy full custody of his son, with the attendant obligations of control, support and care of the child. As to any previously due support payments, the court ordered that they be held as a bond to guarantee his wife's delivery of the child. There is no indication in the record, in any

respect, that Wayne Judy was unwilling to abide by this latter provision with respect to past-due support. A reasonable inference, on the contrary, is that Wayne Judy was very willing to put up past-due moneys if that would insure his own son's return. We also note that he was vested with the obligation of support for the son by the terms of the court's order.

It is clear from the record, therefore, that Wayne Judy recognized and sought to fulfill his duties of support toward his son, Michael. He petitioned for, and received, full custody of the child, with all the obligations attendant thereto which is evidence of his desire and intention to provide all necessary support for his son in the future. On the basis of the record, therefore, it is clear that the plaintiff-administrator had met his burden of proof in showing a reasonable expectation of support from Wayne for the benefit of his son Michael.

██ We conclude that the evidence in this case established Wayne Judy's obligation to support his son and demonstrated his support in the past and his desire to provide current and future support as required. His legal obligation to do so was imposed upon him by the decree of the court.

██ Under the circumstances, we conclude that the trial court correctly found that the administrator had established proof of loss of means of support. The judgment of the Circuit Court of La Salle County is, therefore, affirmed.

Affirmed.

BARRY, P. J., and STENGEL, J., concur.