LAURA LYNN ANGELOFF *et al.*, Minors, by PANSY ANGELOFF, their Mother and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* JOE RAYMOND, d/b/a The Depot Tap, *et al.*, Defendants-Appellees.

Second District  No. 78-342

Opinion filed April 16, 1979.

Julian Johnson, of Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellants.

Michael H. Berman, of Brody, Gore & Fineberg, of Chicago, and Thomas P. Stepanich, of Wheaton, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This action was brought to recover damages under the Dramshop Act (Ill. Rev. Stat. 1971, ch. 43, par. 135) for injury to "property" and "means of support." The trial court entered judgment for defendants and plaintiffs bring this appeal. We affirm.

Defendant Joe Raymond owns and operates the Depot Tap in Round Lake, Illinois. The building in which the tavern is located is leased to Raymond by defendant Margaret Schrimpf. Defendant Arleigh Skelton is a part-time employee of the tavern. On the morning of August 13, 1972, Billy Ray Angeloff was shot and killed by defendant Skelton. Both parties had purchased and consumed alcohol at the Depot Tap and both were apparently intoxicated at the time of the incident. The three minor children of the deceased brought suit by their mother and next friend, Pansy Angeloff, under the Dramshop Act seeking to recover for injury to their "means of support." The mother of the decedent, Vernelle Quimby, paid the medical and funeral expenses of her son and sues under the Dramshop Act to recover for injury to her "property."

The decedent and his wife, Pansy Angeloff, were separated in October 1971. She moved to Mississippi with their three minor children and obtained a Mississippi divorce from decedent on February 8, 1972. Decedent made no personal appearance at the divorce proceedings, and the divorce decree made no provision for alimony or child support. It was stipulated at trial that the decedent had actually contributed no support to either the mother or children following the separation but had sent $75 in December 1971 for the purchase of Christmas presents. Summary judgment was entered in favor of defendants Schrimpf and Raymond on the theory that injury to property or means of support had not been established as a matter of law. The trial court concluded that there can be no injury to "property" when a parent voluntarily pays the medical and funeral expenses of an adult son and no injury to "means of support" when the decedent in fact contributed no support for 10 months prior to his death.

Recovery for loss of support under the Dramshop Act is justified on the theory that a person actually contributing support prior to the time of

injury or death would likely have continued such support had he lived or not been injured. (*Robertson v. White* (1956), 11 Ill. App. 2d 177, 136 N.E.2d 550.) It is a well-settled rule that one cannot establish injury to "means of support" within the meaning of the Dramshop Act when the decedent had actually provided no support prior to the time of his death. *Kellerman v. Arnold* (1874), 71 Ill. 632 (suit by wife for loss of support occasioned by death of husband); *Martin v. American Legion Post No. 784* (1978), 66 Ill. App. 3d 116, 383 N.E.2d 672 (suit by parents for loss of support occasioned by deaths of minor children); *Shiflett v. Madison* (1969), 105 Ill. App. 2d 382, 245 N.E.2d 567 (suit by wife for loss of support due to injury of husband).

Plaintiffs' argument here that the decedent was under a legal obligation to support his children and could have been ordered to do so under the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1971, ch. 68, pars. 101-142) is unpersuasive. The law in this State requires proof that support was in fact rendered, whether voluntarily or pursuant to a legal obligation, and recovery cannot be based on a future potentiality of support not presently provable. (*Martin v. American Legion Post No. 784.*) The recent case of *Judy v. Day* (1979), 68 Ill. App. 3d 156, 385 N.E.2d 891, is distinguishable. In *Judy* the father had provided support for his minor child during the marriage and continued support under a court order after his divorce. The only time the father did not provide support was when the child had been removed from Illinois and his whereabouts concealed from the father. The father had additionally sought to modify the divorce decree to terminate the existing support obligation, grant him custody of the child, and impose on the father full support obligations of a custodial parent. Except for support during the marriage, none of the factors viewed as important in *Judy* are present here, and we conclude that *Judy* does not apply.

■■ Summary judgment is appropriate when there is no genuine question as to any material fact and when the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57(3); *Martin v. American Legion Post No. 784.*) The undisputed facts in this case are that the decedent contributed no measurable support to plaintiffs for 10 months prior to his death. We are of the opinion that plaintiffs cannot claim to be deprived of support which was in fact nonexistent. *Martin v. American Legion Post No. 784.*

■■ Finally, plaintiff Quimby contends that she is entitled to recover the medical and funeral expenses incurred as the result of her adult son's death on the basis that she suffered injury to her "property" within the meaning of the Dramshop Act. That proposition, however, has been squarely rejected in *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 383 N.E.2d 745. *Ragan* states the rule as follows:

"* * * in order for a parent to recover for his child's medical and funeral expenses, he must be legally liable for the charges, and the basis for such liability must exist prior to the creation of the charges and not arise due to a voluntary assumption of financial responsibility after the fact. Practically speaking once a child has reached majority, his parents are no longer legally liable for his medical bills (see Ill. Rev. Stat. 1977, ch. 40, par. 1015; *Graul v. Adrian; Sapp v. Johnston*), and they cannot be injured in their property within the meaning of the Dramshop Act when they either pay or assume liability for medical or funeral expenses caused by their offspring's intoxication." (Ragan, at 261.)

Since plaintiff has not suggested that she was under any legal obligation to pay the medical and funeral expenses, we conclude that the trial court properly denied recovery.

For the foregoing reasons the judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.