LESLIE F. PENOYER, Indiv. and as Adm'r of the Estate of Charles L. Penoyer, Deceased, Plaintiff-Appellant, *v.* LARRY L. HARE *et al.*, Defendants.— (STANLEY YOUNG *et al.*, d/b/a Stan & Frank's Mill City Tap *et al.*, Defendants-Appellees.)

Second District   No. 78-556

Opinion filed September 21, 1979.

Jason E. Bellows, of Chicago, for appellant.

Downey, Yalden, Shriver & Yalden, of Rockford, and Robert L. Ellison, of Klockau, McCarthy, Louseberg, Ellison & Rinden, of Rock Island, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The sole question presented in this appeal is the meaning of the loss of means of support as applied to actions under the Dramshop Act. Ill. Rev. Stat. 1977, ch. 43, par. 135.

On September 2, 1975, Leslie R. Penoyer and the deceased, Charles L. Penoyer, were riding as guests in an automobile owned by the defendant Larry Hare. The defendant Hare became sleepy and apparently fell asleep after allegedly drinking large amounts of alcoholic liquor at the establishments of the other defendants. The automobile ran off the roadway and turned over, causing injuries to the plaintiff Leslie R. Penoyer and resulting in the death of Charles L. Penoyer.

Leslie F. Penoyer, individually and as administrator of the estate of Charles L. Penoyer, filed suit against Hare and the dramshops in connection with this accident. Counts II and IV of plaintiff's second amended complaint sought recovery from defendants Chestnut Mountain Lounge, Inc., Chestnut Hills, Inc., Stanley Young and Frank Townsend, d/b/a Stan & Frank's Mill City Tap, a partnership, and Mary Clarkson and Mark W. Clarkson, the owners of the premises on which Stan & Frank's Mill City Tap was located, under the Dramshop Act. In these counts plaintiff contended that the above defendants were liable for the loss of support to the Charles Penoyer family caused by his death. The trial court granted defendants' motions for summary judgment on these two counts and plaintiff has appealed.

Charles L. Penoyer is survived by Leslie F., his father, Kathryn, his mother, three brothers and a sister.

From an examination of the record it is obvious that decedent Charles L. Penoyer had not furnished any support to any of the foregoing

purported beneficial plaintiffs prior to his death. The decedent was involved in business operations of a truck stop restaurant, a corporation owned by members of the family known as New Weston Oasis and also helped on the farm owned by his parents. Other than working on the farm and in the Oasis he gave no "support" to his family. Charles apparently owned a one-third interest in the truck stop. He was discharged from the Army in 1973 and until the date of his death he filed no income tax returns whatsoever.

The plaintiff herein has cited one case, *Weiner v. Trasatti* (1974), 19 Ill. App. 3d 240, 311 N.E.2d 313, as alleged authority that the members of the Penoyer family are entitled to bring this action for loss of means of support. That case, however, is not applicable to the facts before us. Weiner, the husband of the decedent, brought action under the Dramshop Act for loss of means of support when his wife was killed. The wife was a wage earner who lived with and worked with her husband in operating two delicatessens and the court held that the capacity for providing means of support may be shown by proof of earnings and contribution of services or income.

■█ █ The services presented herein would apparently be whatever assistance the decedent furnished the family in the operation of the truck stop or the parents' farm. However, it appears that rather than contributing to the support of the family, the decedent was in fact the recipient of support from the family itself in return for his efforts concerning the family business and family farm. In *Shiflett v. Madison* (1969), 105 Ill. App. 2d 382, 245 N.E.2d 567, in considering loss of support under the Dramshop Act, the court held that a wife was not entitled to loss of means of support where the deceased husband had furnished no support to her for a year or two prior to his death. The court stated:

> "It is a well-settled rule of law that under the Dram Shop Act 'loss of means of support' has been construed as requiring that the person injured did in fact render support and that no damage award can be based on a future potentiality of support not presently provable." (105 Ill. App. 2d 382, 387, 245 N.E.2d 567, 570.)

We agree with that decision and find that the decedent herein did in no way render support to any of the other members of the Penoyer family. The order of the trial court granting summary judgment on those counts of the complaint brought on behalf of the members of the family on that basis is affirmed.

Judgment affirmed.

WOODWARD and LINDBERG, JJ., concur.