JULIE TULLY *et al.*, Plaintiff-Appellant, v. JEROME CUDDY, Defendant-Appellee.

First District (3rd Division)   No. 85—1842

Opinion filed December 30, 1985.

Walter M. Ketchum, Ltd., of Chicago, for appellants.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, James K. Horstman, Donald E. Stellato, and Lloyd E. Williams, Jr., of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff Robert Tully appeals from an order of the circuit court dismissing his complaint on the pleadings for failure to state a cause of action. Tully now asserts on appeal that the trial court erred in finding that he failed to allege a cause of action under the family expense act (Ill. Rev. Stat. 1977, ch. 40, par. 1015) or under the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 10—2).

The record indicates that on October 5, 1979, 19-year-old Julie

Tully and her passenger, William Oaks, were injured when the automobile she was driving·collided with an automobile driven by defendant Jerome Cuddy. Miss Tully was subsequently hospitalized until December 1, 1979, and upon her release received outpatient treatment until April 30, 1980. As a result of the accident, Miss Tully allegedly suffered brain damage, resulting loss of memory, loss of equilibrium, paralysis of the right side, loss of speech and epilepsy.

On November 9, 1979, Miss Tully and William Oaks filed suit against Cuddy. On October 10, 1980, leave was granted by the court to amend her complaint and add Robert Tully, her father, as an additional plaintiff under count III. After Cuddy filed a motion to dismiss count III for failure to state a cause of action, plaintiff presented an amended complaint as to count III, only alleging therein that he was required to expend large sums of money for his daughter's care and treatment. On April 29, 1981, the pleading was stricken with leave to amend. Plaintiff filed a second-amended complaint as to count III on February 28, 1982, wherein he alleged that his daughter had resided with him and was dependent upon him for support and that accordingly he was obligated to pay the medical bills arising from the automobile accident; he sought relief under the family expense act (Ill. Rev. Stat. 1977, ch. 40, par. 1015) and the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 10—2). On May 23, 1985, count III of this second amended complaint was dismissed with prejudice for failure to state a cause of action.[1]

I

■■ Plaintiff's first contention on appeal is that the trial court erred in finding that he failed to allege a cause of action under the family expense statute. Such statute provides:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." (Ill. Rev. Stat. 1977, ch. 40, par. 1015.)

Plaintiff asserts that because his daughter, although beyond the age of majority, was not fully emancipated, he is still liable for her medical expenses resulting from the accident; hence, he contends he has a

---

[1]The transcript of proceedings from the hearing on this matter indicates that in 1981, Miss Tully's case against defendant was settled for $50,000; the release indicated such settlement included payment for medical expenses. This transcription also indicates that Oaks had settled the matter.

right to recovery under this statute.

The Illinois courts have addressed this matter, as plaintiff acknowledges, in *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 383 N.E.2d 745, and *Sapp v. Johnston* (1975), 15 Ill. App. 3d 119, 303 N.E.2d 429. In *Ragan*, the appellate court noted that, generally, once a child has reached majority, his parents are no longer legally liable for his medical bills. In order for a parent to recover for his child's medical expenses, the parent must not only be legally liable, but the basis for such liability must exist prior to the creation of the charges and not arise due to a voluntary assumption of financial responsibility after the fact. Accordingly, the *Ragan* court found that the family expense act failed to impose an obligation on the parents to pay the medical expenses of their 21-year-old son, although he still lived at home and attended school.

In *Sapp v. Johnston* (1975), 15 Ill. App. 3d 119, 124, 303 N.E.2d 429, the appellate court similarly found that where a child is capable of supporting himself, the parent's legal duty to support him ceases when he reaches the age of majority; thus the liability of a parent for the medical services furnished to a child does not extend to an adult child capable of earning his own living at the time of reaching majority. In the case of *In re Marriage of Raski* (1978), 64 Ill. App. 3d 629, 381 N.E.2d 744, in which the issue of child support was addressed, the appellate court found that in Illinois a parent's liability to support his child continued during the child's minority and terminated when the child reached majority.

Here, plaintiff acknowledges the findings of these Illinois courts, yet asks this court to follow the rationale of the dissenting opinion to *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 263-66, 383 N.E.2d 745, which advanced the position that when a child is not yet emancipated, although beyond the age of majority, a parent is still liable for the child's expenses under the family expense act and under common law. While this dissenting opinion argued at length as to why the child in *Ragan* was not emancipated, the dissent failed to provide authority to support its position for a departure from the established law in this area. Similarly plaintiff here, apart from presenting the *Ragan* dissent, fails to set forth any reason why this court should deviate from the decisions announced in *Ragan* and *Sapp*. Accordingly, we must find that the trial court properly dismissed plaintiff's claim under the family expense act.

## II

■ Plaintiff's second contention on appeal is that the trial court

erred in finding that he failed to allege a cause of action under the Public Aid Code. Such statute provides in relevant part:

"Extent of liability. *** The parents are severally liable for the support of any child under age 21, except that a parent is not liable for the support of any child age 18 or over if it can be determined that this minor has in fact established a consistent pattern of independent living arrangement prior to the application for assistance." Ill. Rev. Stat. 1977, ch. 23, par. 10—2.

However, as defendant correctly asserts, this provision obligates parents to pay for only the support of a child under 21 years of age; the statute is silent as to any requirement that the parents provide for a child's medical expenses. Article VII of the Public Aid Code, which governs responsibility for a child's medical expenses, does not direct that a parent remain responsible for a child's medical expenses; rather, this provision creates a right of action in favor of the Illinois Department of Public Aid to recover medical benefits received by a person with the ability to pay for such benefits himself. Ill. Rev. Stat. 1977, ch. 23, par. 7—6.

In *Wright v. Royse* (1963), 43 Ill. App. 2d 267, 193 N.E.2d 340, the court found that the Public Assistance Code (Ill. Rev. Stat. 1957, ch. 23, par. 1 *et seq.*), a predecessor to the Public Aid Code, did not create a private right of action for an individual to recover for the medical expenses of a family member which the individual paid on his behalf. In so doing, the court found that the Code required a parent to only support a child, but did not require also the payment of the child's medical expenses.

Aside from plaintiff's allegations that his daughter was dependent upon him, we find no indication from the instant record that Julie Tully was incapable of paying her own medical expenses. While the record reveals that Miss Tully received a $50,000 damage settlement from defendant, we know nothing more about her financial status. Accordingly, we must find that plaintiff failed to plead sufficient facts to support his claim that he was required to pay his daughter's medical expenses and that the trial court properly dismissed his complaint for failure to state a cause of action.

For the reasons set forth above, we affirm the judgment of the circuit court.

Judgment affirmed.

McGILLICUDDY and RIZZI, JJ., concur.