DORA A. PFEIL, Plaintiff-Appellant, v. MARGIE M. WEERDE, d/b/a The Frontier Lounge, *et al.*, Defendants-Appellees.

Second District No. 86—0556

Opinion filed February 23, 1987.

Thomas O. Meyer, of Gilbert, Natale, Meyer & Godlewski, of Rockford, for appellant.

John R. McClean, of Lousberg, McClean, Snyder & Schwarz, of Rock Island, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, Dora A. Pfeil, appeals from an order of the circuit court of Winnebago County which entered judgment on the pleadings against her and in favor of the defendant, Margie M. Weerde, d/b/a The Frontier Lounge. The single issue we are called upon to decide in this appeal is whether the plaintiff may recover, as injury to her property under section 6—21 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1983, ch. 43, par. 135), for the medical and hospitalization costs of a daughter of legal age where the plaintiff's payment of those expenses was not predicated upon a preexisting legal obligation to pay for them.

The plaintiff filed an amended complaint against the defendants,

Margie M. Weerde, d/b/a The Frontier Lounge, Dale M. Conner, and Francis E. Conner in which she sought to recover, under section 6—21 of the Liquor Control Act and the family expense statute (Ill. Rev. Stat. 1983, ch. 40, par. 1015), for the money she expended in paying for the hospital and medical expenses of her daughter, Lori Anderson. The well-pleaded facts gleaned from the amended complaint reveal that on August 15, 1984, Margie Weerde owned and operated The Frontier Lounge, a tavern located in Rockford, Illinois. The plaintiff's daughter, Lori Anderson, who was born on September 27, 1964, and who was living with her mother on August 15, 1984, visited the tavern in question on that date, where she bought and consumed a sufficient amount of alcoholic beverages to cause her intoxication. After leaving the dramshop and as a result of her inebriate condition, Ms. Anderson drove her automobile into a telephone utility pole and sustained personal injuries. Subsequently, the plaintiff paid for the hospital and medical expenses her daughter incurred as a result of her misadventure.

Defendant Weerde filed a motion for judgment on the pleadings in which she asserted that the plaintiff's cause of action was not meritorious because she had no legal obligation to pay for the medical expenses of her adult daughter. After reviewing the pleadings and trial memoranda and hearing the arguments of counsel, the trial court entered judgment in favor of defendant Weerde and against the plaintiff. The plaintiff appeals.

■ A motion for judgment on the pleadings (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(e)) admits the truth of the opposite party's well-pleaded facts, and a judgment on the pleadings is proper when the pleadings reveal questions of law, not of fact. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552-53; *Howard v. County of Cook* (1986), 145 Ill. App. 3d 538, 540.) The pleadings in the present case do not concern factual matters but rather define a single legal issue: whether a mother who voluntarily pays the medical expenses of her adult daughter may recover for those costs as injury to property under section 6—21 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1983, ch. 43, par. 135), which is commonly known as the Dramshop Act.

The crux of the plaintiff's argument here is that she is entitled to recover the medical and hospital expenses she incurred as a consequence of her adult daughter's injuries on the grounds that the plaintiff suffered an injury to her "property" within the context of section 6—21 of the Dramshop Act. However, the appellate court has consistently rejected this argument. (See *Angeloff v. Raymond* (1979),

70 Ill. App. 3d 594, 596-97; *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 261-62. The established principle of law governing this issue provides:

" '*** in order for a parent to recover for his child's medical *** expenses, he must be legally liable for the charges, and the basis for such liability must exist prior to the creation of the charges and not arise due to a voluntary assumption of financial responsibility after the fact. Practically speaking once a child has reached majority, his parents are no longer legally liable for his medical bills [citations], and they cannot be injured in their property within the meaning of the Dramshop Act when they either pay or assume liability for medical *** expenses caused by their offspring's intoxication.' " *Angeloff v. Raymond* (1979), 70 Ill. App. 3d 594, 596-97, quoting *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 261.

■ ■ In the present case, the plaintiff has not advanced any persuasive argument establishing that she was under any preexisting legal duty to pay the medical expenses of her daughter, who was almost 20 years old at the time of the mishap and hence no longer a minor (see Ill. Rev. Stat. 1985, ch. 110½, par. 11—1). Although the plaintiff alleged in her amended complaint that her right to recover was based in part on the family expense statute (Ill. Rev. Stat. 1983, ch. 40, par. 1015), she apparently has abandoned that rationale in this court inasmuch as she has not posited any specific argument in her brief based on that statute. In any event, it is manifest that a parent is not liable under the statute for expenses an adult child incurs. *Tully v. Cuddy* (1985), 139 Ill. App. 3d 697, 698-99; *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 196; *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 260-62.

The plaintiff, who acknowledges the existence of the rule of law enunciated in *Ragan v. Protko*, requests that this court instead follow the dissenting opinion in that case (*Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 263-66 (Moran, J., dissenting)). The plaintiff, however, has failed to articulate any cogent reason why the court should decline to follow the well-settled precedent in this State in favor of the dissent in *Ragan v. Protko*. Also, to the extent that *Kelly v. Hughes* (1962), 33 Ill. App. 2d 314, upon which the plaintiff also relies, may be in disharmony with the governing precepts of *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, *Angeloff v. Raymond* (1979), 70 Ill. App. 3d 594, 596-97, and similar cases previously cited above, we decline to follow it. See, *e.g., Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 261 n.2.

In accordance with the views explicated above, we conclude that the trial court correctly entered judgment on the pleadings in favor of defendant Weerde and against the plaintiff.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

HOPF and DUNN, JJ., concur.