FRANCES M. THOMPSON, Mother and Next Friend of William Matthew Abel, *et al.*, Plaintiff-Appellant, v. ARTHUR TITE, d/b/a Ye Ole Tavern, *et al.*, Defendants-Appellees.

Fifth District   No. 5—90—0181

Opinion filed June 7, 1991.

James S. Reeves, of Alton, for appellant.

Thomas L. Kilbride, of Klockau, McCarthy, Ellison & Marquis, P.C., of Rock Island, for appellees.

JUSTICE HOWERTON delivered the opinion of the court:

We reverse the summary judgment granted to defendants in this dramshop case. Plaintiff sued pursuant to the Liquor Control Act of 1934, commonly known as the Dramshop Act (Ill. Rev. Stat. 1989, ch. 43, par. 135), for loss of means of support caused by an intoxicated person. The circuit court granted summary judgment because decedent had not kept his child support payments current.

A motion for summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005; *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Jones v. Petrolane-Cirgas, Inc.* (1989), 186 Ill. App. 3d 1030, 542 N.E.2d 1186.) A reviewing court may reverse the circuit court if it finds that a genuine issue of material fact exists. (*Rubin v. City National Bank & Trust Co.* (1980), 81 Ill. App. 3d 1020, 402 N.E.2d 281.) In determining whether a genuine issue of material fact exists, this court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543, *aff'd* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100.) In the case at bar, if plaintiff's claim of future support has a factual basis, then granting summary judgment against her was error.

The pleadings, depositions and affidavits provide the following facts: Frances Thompson, plaintiff, and William Abel were married in 1965 and were divorced in 1971. The divorce decree ordered William to pay $150 each month in child support. In 1979, that amount was increased to $275 each month. Because William stopped making regular payments in 1980, Frances, in 1987, filed a petition for rule to show cause. Two weeks later and before the hearing on the rule to show cause, an intoxicated gunman shot and killed William Abel in the Ye Ole Tavern parking lot. Frances, as next friend to her three children, sued Ye Ole Tavern and Congress of Independent Unions for loss of the means of support pursuant to the Dramshop Act, which provides that a cause of action shall lie for injuries to means of support caused by an intoxicated person.

Defendants, in their motion for summary judgment, argued that William Abel had not paid child support for over six years, that therefore plaintiff was unable to show that her ex-husband was providing actual support, and that without proof of actual support, summary judgment should be entered.

■ Recovery for loss of support under the Dramshop Act does not necessarily die with the person actually contributing support, but will survive if it can be shown that support likely would have continued had death not intervened. (*Angeloff v. Raymond* (1979), 70 Ill. App. 3d 594, 388 N.E.2d 1128.) However, recovery cannot be based on a mere future potentiality of support not presently provable. See *Farmers State Bank & Trust Co. v. Lahey's Lounge, Inc.* (1988), 165 Ill. App. 3d 473, 519 N.E.2d 121, *appeal denied* (1988), 121 Ill. 2d 568, 526 N.E.2d 829; *Stevens v. B & L Package Liquors, Inc.* (1978), 66 Ill. App. 3d 120, 383 N.E.2d 676; *Shiflett v. Madison* (1969), 105 Ill. App. 2d 382, 245 N.E.2d 567; *Robertson v. White* (1956), 11 Ill. App. 2d 177, 136 N.E.2d 550.

■ Defendants claimed that since William Abel was in arrears on child support, plaintiff's children had only a future potentiality of support. We disagree. To recover under the Dramshop Act, plaintiff must prove actual support prior to the injury or death and prove that this support would have continued but for the injury. See *Robertson v. White* (1956), 11 Ill. App. 2d 177, 136 N.E.2d 550.

■ Though defendants argue to the contrary, no cases hold that loss of support can be proved only by showing actual present support. In fact, the opposite is true. In *Judy v. Day* (1979), 68 Ill. App. 3d 156, 385 N.E.2d 891, the court stated that proof of present support being provided at the time of the violation of the Dramshop Act is not the sole method of determining whether a reasonable expectation of future support exists; rather, it is merely the easiest and most reliable method. (*Judy*, 68 Ill. App. 3d at 159, 385 N.E.2d at 893-94.) The fact that William Abel was not making regular child support payments at the time of his death does not, as a matter of law, prove that plaintiff would be unable to prove a loss of means of support. *Judy v. Day* (1979), 68 Ill. App. 3d 156, 385 N.E.2d 891.

Here, the record shows that: (1) William Abel was under a court order to pay child support; (2) William Abel paid child support until 1980; (3) William Abel was killed one week before he was to appear in court to show cause why he had not paid child support; and (4) William Abel was employed and capable of providing support. These facts present a genuine issue of material fact; namely, whether his children lost means of support caused by an intoxicated person.

The circuit court is reversed and the cause remanded.

Reversed and remanded.

LEWIS and GOLDENHERSH, JJ., concur.